## DONALDSON ART SIGN CO. v. LYONS.

No. 2691.

Court of Civil Appeals of Texas. El Paso.

June 23, 1932.

Rehearing Denied July 14, 1932.

John C. Read and W. F. Bane, both of Dallas, for appellant.

Seay, Seay, Malone & Lipscomb, of Dallas, for appellee.

HIGGINS, J.

This is a suit by appellant against W. J. Lyons, A. O. McAdams, and W. L. Briley, to recover $2,143.20, alleged to be a balance due upon open account for goods, wares, and mer-

chandise sold to the Ly-Nola Company. The Ly-Nola Company was a corporation later dissolved. It was alleged the stock of the company was all owned by defendants and they had received the assets of the company. The liability of defendants was predicated upon that theory. It was alleged and proven by Lyons that he was the sole owner of all of the stock. As to this phase of the case no point is raised. The Ly-Nola Company manufactured soft drinks, and for the purpose of advertising its product such company ordered and contracted to buy from plaintiff certain metal signs to be manufactured by plaintiff and to be delivered upon different dates. Under this contract certain deliveries were made and the purchase price therefor, amounting to $4,008.81, paid by the Ly-Nola Company. It then refused to accept further deliveries. The suit is to recover the purchase price of the signs manufactured and acceptance refused; it being alleged the signs were specially manufactured for said Company, that they could not be sold to any one else, and were worthless to plaintiff.

Lyons defended upon the theory that the signs were contracted for by the Ly-Nola Company upon representations and warranties that they were good outdoor signs, suitable for outdoor advertising and would stand the ordinary wear and tear to which such signs are exposed.

In justification of the refusal to accept delivery of the remaining installments, Lyons alleged a breach of the warranty as to quality in the signs already delivered. For such breach he set up a claim for damages by the Ly-Nola Company which he pleaded in offset and also reconvened and asked for judgment over for such damages. To this defensive matter and cross-action the plaintiff filed no reply.

The findings show that 10 per cent. of the signs delivered were unfit, would not stand the wear and tear of high-grade outdoor signs for advertising purposes; that 40 per cent. of such signs stuck to the paper covering same, and the reasonable expense incurred by the Ly-Nola Company in removing the paper was $500.

Upon these and other findings not necessary to state, judgment was rendered denying plaintiff any recovery and in favor of Lyons for $900.81, upon his cross-action. This sum represents the expense incurred in removing paper from the signs and 10 per cent. of $4,008.16, the price paid for the signs delivered.

Appellant's first proposition is based upon the theory that "when the defendant, W. J. Lyons, accepted and paid for $4,016.16 of signs, and that only ten per cent. of them were not up to warranty, that the Court should have rendered judgment in favor of the plaintiff for the amount sued for against the defendant after deducting the damages of ten per cent. for worthless signs. In other words, if ten per cent. of $6,159.36 were worthless, the defendant should have been entitled to deduct from the amount sued for the sum of $615.93, and that the Court should not have cancelled and rescinded the Contract as to the $2,143.00 and rendered judgment for damages for the delivered portion and rescinding the undelivered portion, in favor of the defendants against the plaintiff for ten per cent. of $4,016.16, and the $500.00 cost of scraping off the paper."

In 2 Black on Rescission and Cancellation, § 586, it is said: "A party entering into a contract for the purchase of goods to be delivered in installments, cannot accept, pay for, and use the first installment, and refuse the second, and rescind the contract, without the consent of the seller, except in cases where there is a breach of warranty or a deficiency in quantity or quality. In such cases, the acceptance of a portion or installment of the goods which answer the warranty will not oblige the purchaser to accept subsequent installments which are deficient or defective."

In 2 Williston on Contracts, § 866, it is said: "If a party to an installment contract fails in an important particular to keep his promise as to one installment, what does it matter whether he plans to fulfill the remaining installments or not? He has already committed a material breach. Why should the innocent party be compelled to go on with the bargain merely because the performance is divided into installments when he would not be compelled to put up with deficient performance if the contract had been performable at one time? Accordingly the correct rule upon principle is that stated in the Uniform Sales Act."

And at section 868 the same author says: "Where the seller sends one or more installments of goods inferior in quality to what the contract calls for, there seems no reason to distinguish the case from the kinds of breach of contract already considered. Even if the seller does not manifest an intent to persist in sending inferior goods, if he has already sent a great quantity of inferior goods, the inevitable consequence is that he will not substantially perform the contract even though all the remaining installments are what the contract calls for. The buyer should, therefore, be allowed to refuse to go on with the contract unless he has manifested an election to do so by knowingly and voluntarily accepting inferior goods, or otherwise. The decisions perhaps show less readiness to allow a refusal to go on with the contract on account of a defect in quality than because of the other breaches of contract referred to above. Many cases certainly seem to regard it as no defence to the buyer that a considerable quantity of inferior

goods has been furnished. But the view here advocated is supported by recent decisions of courts of the highest standing, and no doubt many of the decisions, apparently adverse, can be explained on the ground of election or waiver."

See, also, Simkins Contracts and Sales (3d Ed.) 872, and Mechem on Sales (1st Ed.) § 1148, where it is said: "And, though the cases are not in harmony, this view, that the failure of either party to perform an essential term of the contract gives to the other the right to rescind that contract, is sustained by the clear weight of American authority."

The rule announced in the above quotations has been applied by the Waco Court of Civil Appeals in Kansas, etc., v. McDonald, 32 S.W.(2d) 890, and we hold that the Ly-Nola Company had the right to refuse to accept the signs for the price of which this suit is brought, because of appellant's breach of the contract of sale in a material respect as to quality in the signs previously delivered as shown by the findings stated above.

Nor is there any sound reason why appellant should not be required to respond in damages for the loss sustained by the Ly-Nola Company upon the first deliveries. It was recoverable. Barron, etc., v. Niana, etc., 191 Wis. 635, 211 N. W. 764, 50 A. L. R. 69; Wolfert v. Caledonia, etc., 195 N. Y. 118, 88 N. E. 24, 21 L. R. A. (N. S.) 864.

Appellant is a corporation domiciled in Kentucky, and its second proposition is that, because it did not file an answer to the cross-action, the court was without jurisdiction to enter judgment against it thereon. This is wholly untenable in view of the fact that appellant appeared by its counsel on the trial and prosecuted its suit vigorously as the whole record abundantly shows. Having appeared by its authorized counsel, it was bound to take notice of the cross-action. American National Ins. Co. v. United States Fidelity & Guaranty Co. (Tex. Civ. App.) 24 S.W.(2d) 474; Noble v. Empire Gas & Fuel Co. (Tex. Civ. App.) 20 S.W.(2d) 849; Davis v. Wichita State Bank & Trust Co. (Tex. Civ. App.) 286 S. W. 584; Wright v. Jones (Tex. Civ. App.) 33 S.W.(2d) 292; Evans v. McNeill (Tex. Civ. App.) 41 S.W.(2d) 268.

The remaining propositions in various forms question the correctness of the measure of damages applied upon the cross-action; it being asserted the proper measure was the difference between the contract price and the value of the signs delivered.

The Ly-Nola Company paid $4.008.16 for the signs delivered. The jury found that 10 per cent. of these signs were unfit, would not stand the wear and tear of high grade outdoor signs for advertising purposes. In support of the judgment, it is to be assumed the court found this 10 per cent. to have been worthless. Article 2190, R. S. The sum of $400.81 was thus properly allowed as damages in that particular.

The jury also found that 40 per cent. of the signs stuck to the paper covering same and the reasonable expense incurred in removing the paper was $500. This was an item of special damage necessarily incurred in using the signs delivered by appellant, and we see no reason why it should not be allowed.

Affirmed.