## SUPER–COLD SOUTHWEST CO. v. GREEN & ROMANS.

No. 14768.

Court of Civil Appeals of Texas. Fort Worth.

June 21, 1946.

Rehearing Denied Sept. 13, 1946.

See also 185 S.W.2d 749.

Curtis White, of Dallas, and Haddaway & Denny, of Fort Worth, for appellant.

Hal S. Lattimore and J. O. Terrell Couch, both of Fort Worth, for appellee.

McDONALD, Chief Justice.

Appellees Green and Romans operated a grocery store in the town of Mansfield. In the year 1941 appellant, Super-Cold Southwest Company, furnished most of the labor, machinery and equipment used in the construction of a locker plant for appellees. Appellees paid for the plant, and brought this suit for damages alleged to have resulted from the fact that the plant would not maintain the low temperatures required for the storage of frozen foods.

From the allegations of their petition it seems that appellees base their suit in part on the theory that appellant by written contract warranted that the plant would maintain certain designated temperatures in its various compartments, and in part on the theory that appellant represented that the plant would maintain such temperatures, and that such representations were fraudulently made. Recovery seems to be sought for six items. Three are items of expense incurred by appellees for labor and materials used in attempting to make the plant operate properly; one is an item of excess water bills incurred through fail-ure of the plant to operate properly; one is an item consisting of money paid to customers of the plant for food which the plant failed to preserve properly; and the last is an item of lost profits resulting from improper operation of the plant.

The verdict of the jury was favorable to appellees, and judgment was rendered thereon in their favor for $2970.05. Appellant's complaints regarding pleadings, proof, verdict, manner of submission of the case to the jury, and other matters, are set up in eighty-six points of error. It is not possible in an opinion of reasonable length to discuss each of these many points of error in detail, so we shall confine ourselves to what seem to be some of the controlling questions raised on the appeal.

We cannot sustain appellant's contention that the only measure of damages applicable to this case would be the difference in value of what appellees contracted for and what they received. In many cases it has been held that reasonable expenses caused by a breach of contract may constitute a recoverable item of damages. In sales of machinery warranted as to performance, it has been held that the purchaser may recover the reasonable cost of repairs necessary to remedy the defects. D. M. Osborne & Co. v. Poindexter, Tex. Civ.App., 34 S.W. 299; Graves v. Hillyer, Tex.Civ.App., 48 S.W. 889; Dilley v. Ratcliff, 29 Tex.Civ.App. 545, 69 S.W. 237; J. I. Case Threshing Machine Co. v. Beavers, Tex.Civ.App., 261 S.W. 440, writ dismissed; Donaldson Art Sign Co. v. Lyons, Tex.Civ.App., 51 S.W.2d 1095. In cases too numerous to mention it has been held that the reasonable cost of repairs may constitute the measure of damages recoverable where property is tortiously damaged. In building contracts it has been held that the necessary cost of completing a building, or of repairing it, so that it will comply with the contract, may be the proper measure of damages for breach of the contract. Totten v. Houghton, Tex.Civ.App., 2 S.W. 2d 530; American Surety Co. v. Gonzales Water Power Co., Tex.Civ.App., 211 S.W. 251, writ refused.

Appellant contends that appellees' pleadings were too general, and did not give ap-

pellant sufficient notice of details of the items of expense sued for. The petition might well have been more specific, but in the light of the entire record we are not inclined to hold that reversible error is shown in this respect.

Appellant complains of the pleadings, proof, verdict, and manner of submission to the jury, pertaining to the several items of damage claimed by appellees.

■ First, in the order appearing in appellant's brief, is the attack made on the item of lost profits. The substance of the complaint set out in appellees' petition is that appellees up to the time of suit had been able to rent all of their lockers, due to the war emergencies, but that the bad reputation which the plant had obtained, because of its poor performance, would reduce the patronage of the plant in the future, to appellees' damage in the sum of $1,000. It seems to us that the damages thus claimed are of too speculative a character to support a recovery.

"The profits which are recoverable as an element of damages for the breach of a contract are those only which can be shown with reasonable certainty by competent evidence; they must not depend on the chances of trade, but upon the market value of commodities and other facts which are susceptible of definite proof. Alleged profits, which are merely conjectural or incapable of being ascertained with any reasonable degree of certainty, do not afford a proper basis for the recovery of damages." 13 Tex.Jur., p. 207.

For citations of cases, and further discussion of this question, see 13 Texas Jurisprudence, Damages, Par. 109.

■ Also, the proof does not sustain the pleadings on this claim. The case alleged is that appellees will lose customers after the end of the emergency period brought about by the war. The only testimony in the record is to the effect that appellees have already lost business because of dissatisfaction among the locker customers. When the evidence is examined, it is apparent that the locker plant has been fully rented, and that the loss of business has occurred in the grocery store operated by appellees. In other words, dissatisfied locker customers have ceased to patronize the grocery store. Not only is there a lack of pleadings to support a recovery for this loss of business, but it seems clear to us that such a loss of profits would be too speculative, and too remote as well, to afford a basis of recovery even if it had been pleaded.

The issue submitted to the jury is subject to the same criticism. It refers to customers already lost, and the argument of appellees' counsel to the jury reflects that counsel so construed the issue.

It might also be pointed out that appellees' testified at the trial that the plant is now operating properly, which gives added emphasis to the thought that the claim for lost profits because of loss of patronage which will occur in the future is too speculative to serve as a basis for recovery in this suit.

■ Appellees paid to the Dallas Air Conditioning Company the sum of $1345 for labor and materials furnished in making repairs and additions to the plant. Appellant attacks the proof relating to this item. Green, one of the appellees, testified in some detail as to the work done by the Dallas Air Conditioning Company, and the amount paid for the work. The only witness undertaking to testify as to the reasonableness of the amount paid for the work was J. M. Spreckelmeyer, an engineer who had previously examined the plant and who had made some minor repairs on it. Spreckelmeyer was asked, in effect, if the sum of $1345 was a reasonable price for the work which, from Spreckelmeyer's examination of the plant, needed to be done "so that it would keep that refrigeration on a sixteen hour operating cycle for each 24 hours of refrigeration." Over objection of appellant, Spreckelmeyer answered in the affirmative. It is obvious that Spreckelmeyer was not asked, and did not say, whether $1345 was a reasonable price for the work which had been done by the Dallas Air Conditioning Company. Under elemental rules, appellees were not entitled to recover on the basis of what they had expended, but on the basis of whether such expenditures were reasonable and necessary.

■ The issue submitted to the jury is subject to criticism, in that it inquired whether it was necessary to pay the amount in question to the Dallas Air Conditioning Company "in order that the plant would be made to operate in compliance with the provisions of the contract entered into between defendant and the plaintiffs." The jury were thus called on to construe the contract. See Totten v. Houghton, Tex. Civ.App., 2 S.W.2d 530, condemning a similar issue.

■ Appellees alleged that they had been compelled to reimburse customers for loss of merchandise because of the defective refrigeration, and had paid them the sum of $352.07, "being actual money paid or in merchandise, or in the abatement and cancellation of rent due for lockers," and attached to the petition was a purported list of such customers and the amount paid to each. It is doubted if there was sufficient proof of this claim, in that no account was taken of the fact that merchandise may have spoiled for reasons other than inadequacy of the refrigeration. Since the proof may not be the same on another trial we shall forego further discussion of this point.

■ The jury found that appellees paid $98 in excess water bills due to improper performance of a device known as a water saver. Appellees' testified that they paid excess bills of an average of $14 per month on this account, but did not say how many months such excess bills were paid. It may be that the proof will be different on this item on another trial, so it will not be discussed more fully.

Niney-seven dollars was paid to the General Engineering Company for work done on the plant. We think that the proof supports this item of recovery, but do not approve the manner of submitting the question to jury. The jury were asked whether it was necessary to pay such amount in order that the plant would be made to operate in compliance with the contract between the parties. The same question has been discussed previously in the opinion.

■ In a cross-action appellant sought recovery for labor and materials furnished appellees in 1944, for which appellant had charged the sum of $628.94. In defense, appellees pleaded in substance that the labor and parts in question were installed for the purpose of making the plant operate in the manner agreed upon by the parties, and that for such reason "the consideration for the equipment and labor, the value of which is sued for, has failed and was wanting." The jury were asked about the reasonable value of the labor and material in question, and found that it had none. Obviously, it seems to us, the defense submitted to the jury was not that which had been pleaded by appellees.

Numerous other questions are suggested by the record and the briefs of the parties, but we shall not undertake to pass on them since many of them may not arise on another trial.

The judgment of the trial court is reversed and the cause is remanded for another trial.