**King R. HAZLE, Appellant,**

v.

**John D. McDONALD, Appellee.**

**No. 17336.**

Court of Civil Appeals of Texas.

Dallas.

Nov. 21, 1969.

James G. Clement, Larry S. Parnass, Irving, for appellant.

Grover Hartt, Jr., Wm. Andress, Jr., Andress, Woodgate & Hartt, Dallas, for appellee.

BATEMAN, Justice.

The appellant King R. Hazle sued the appellee John D. McDonald for damages for fraudulently inducing him to enter into a contract. McDonald was granted summary judgment, and Hazle appeals claiming there were genuine fact issues.

Hazle alleged that while he was considering a contract with Electronic Exercise Corporation to become a distributor of a certain weight reducing device he discussed the matter with McDonald, the inventor and manufacturer of the device, who took him on a tour of the place where the devices were assembled and told him that the response to the machine was "fabulous," that it had been proven and recommended by recognized medical authorities as a device that would cause loss of weight, that anyone who became a distributor and followed McDonald's plan

'would have fabulous results and make extremely large amounts of money"; that McDonald also generally extolled the merits of his manufacturing organization and distribution arrangements through Electronic Exercise Corporation, the national distributor of the device. It was also alleged that at the time of said representations McDonald and/or companies owned or controlled by him had previously been enjoined by federal courts at the behest of the United States from moving the device in interstate commerce, and that the device was well known to McDonald to be a worthless device, and that the injunction proceedings had been fraudulently concealed by McDonald; that Hazle relied on such representations, quit his job with the federal government, entered into the contract for distribution of the device, expended large sums in connection therewith and sustained large damages when the distribution was halted by an injunction decree to which McDonald consented.

Attached to McDonald's motion for summary judgment was an affidavit of one Samuel McCallum that McDonald did not have any connection with the Electronic Exercise Corporation or its owners, but did manufacture machines which he sold to that corporation; that he, McCallum, acting for Electronic Exercise Corporation, negotiated the distributor's contract with Hazle in Hackensack, New Jersey in the latter part of January and early February, 1966, the agreement being dated February 3, 1966.

Hazle testified by deposition that in August 1965, after discussing the matter with representatives of Electronic Exercise Corporation he was introduced to McDonald, who gave him an extensive tour of their manufacturing plant, showing him the assembly line, how they put the machines together, their quality control technique, and where they were repairing some machines; that McDonald discussed some of the plans he had for improving the device, such as making it portable and not dependent on a wall electrical outlet; that

he felt the product was a fine, good quality product, had a bright future and was something that could be produced to sell. Hazle had no further meeting or conversation with McDonald and no correspondence from Electronic Exercise Corporation signed by him. He offered no proof that the statements made by McDonald concerning the worth of the device were false or that he had concealed any injunction proceedings.

Hazle testified that some time during the early days of his business, after the contract was signed, Samuel McCallum, who was the "master distributor" representing Electronic Exercise Corporation in eight northeastern states, told him that he had great confidence in McDonald's technical ability and managerial talents and placed his faith in the business on McDonald's presence in it and that McDonald played a rather prominent part in a meeting with the owners of Electronic Exercise Corporation which McCallum said he attended.

The essential elements of an action based on fraudulent misrepresentations are thus set out in 25 Tex.Jur.2d, Fraud and Deceit, § 13, p. 628:

"* * * actionable fraud exists where one makes a false representation of a material fact with the intention of inducing another to rely on it to his pecuniary injury, and the other person, acting with reasonable prudence, is thereby deceived and induced to rely thereon to his damage."

Hazle was interrogated at length as to McDonald's statements to him, and his testimony indicates clearly that McDonald did no more than express his opinion concerning the worth of the device he was manufacturing, and his opinion of the profits to be made by becoming a distributor thereof, with nothing to indicate either that he was doing so with the intention of inducing Hazle to rely on it to his pecuniary injury, or that the opinions so expressed by him were false.

■ Also, Hazle's testimony as to statements made to him by McCallum presents no fact issue. In the first place, it is hearsay without probative value. Moreover, Hazle cannot say these statements induced him to make the contract for they were made after the date thereof by a man not shown to have any authority whatever to speak or act for McDonald.

McDonald was also charged with having fraudulently concealed from Hazle that a company in Florida in which McDonald had an interest had been enjoined from transporting the device in interstate commerce; but there was no evidence of such an injunction suit or that McDonald had any knowledge thereof. McCallum in his affidavit mentions only one such injunction, issued by a Texas federal district court in September, 1966, long after Hazle made his contract and commenced business thereunder.

■■ Fraud is never presumed. It has been said that it is the duty of the court "to presume a want of fraud rather than the existence of fraud in a transaction." Hawkins v. Campbell, 226 S.W.2d 891, 895 (Tex.Civ.App., San Antonio 1950, writ ref'd n. r. e.).

■ Buttressing that presumption here is McCallum's affidavit attached to the motion for summary judgment, together with copies of numerous letters from Hazle to him, the distinct tenor of all of which is to negate the charge of fraud made against McDonald in this case. That affidavit and those letters, coupled with Hazle's own deposition testimony, aside from the presumption of the absence of fraud, establish McDonald's right to prevail and his motion for summary judgment should "not be denied merely because the opposite party has alleged matters which, if proved, would require that a different judgment be rendered." Kuper v. Schmidt, 161 Tex. 189, 338 S.W.2d 948, 951 (1960). See also Bass v. Cummings, 415 S.W.2d 438 (Tex.Civ.App., Amarillo 1967, writ

ref'd n. r. e); Griffin v. H. L. Peterson Co., 427 S.W.2d 140 (Tex.Civ.App., Dallas 1968, no writ).

Appellant argues that since McCallum was an employee of Electronic Exercise Corporation he was an interested witness whose testimony does no more than raise a fact issue, citing Valley Stockyards Co. v. Kinsel, 369 S.W.2d 19 (Tex.1963); Great American Res. Ins. Co. v. San Antonio Plumbing Supply Co., 391 S.W.2d 41 (Tex.1965); and James T. Taylor & Son, Inc. v. Arlington Ind. School Dist., 160 Tex. 617, 335 S.W.2d 371 (1960). We do not agree with appellant for several reasons.

■ In the first place McCallum was not shown to have been an employee of McDonald or to have such other connection with him as to give McCallum any interest in the outcome of this case. In the second place the statements in his affidavit are so clear, direct, positive and free from contradiction, inaccuracies and circumstances tending to cast suspicion thereon, as to invoke the exception to the general rule, enunciated in Cochran v. Wool Growers Central Storage Co., 140 Tex. 184, 166 S.W.2d 904, 908 (1942). See also Lotspeich v. Chance Vought Aircraft, 369 S.W.2d 705, 712 (Tex.Civ.App., Dallas 1963, writ ref'd n. r. e.). In the third place, not only did Hazle have an opportunity to testify to the contrary in his deposition, but when asked specifically just what representations McDonald made to him his testimony fell far short of establishing any fraudulent misrepresentations. In fact, Hazle's own testimony, quite aside from McCallum's affidavit, showed clearly the absence of any genuine issue of material fact.

■ Not having presented any evidence to controvert that supporting the motion, and having made no showing that affidavits were unavailable to him, appellant in effect admitted the facts shown by McDonald's summary judgment evidence and is "in no position to argue the existence of a genuine issue of fact." Lacy v. Car-

son Manor Hotel, 297 S.W.2d 367, 370 (Tex.Civ.App., Dallas 1956, writ ref'd n. r. e.); Rolfe v. Swearingen, 241 S.W.2d 236 (Tex.Civ.App., San Antonio 1951, writ ref'd n. r. e.). If the case had been tried, and Hazle rested with the evidence in this condition, McDonald would have been entitled to a directed verdict; hence, the court properly rendered summary judgment for him. Fannin Investment & Development Co. v. Neuhaus, 427 S.W.2d 82, 84 (Tex.Civ.App., Houston 14th Dist. 1968, no writ).

Affirmed.