Alfredo Ernesto RAMOS, Appellant,

v.

Albert LEVINGSTON, Jr., et al., Appellees.

No. 1066.

Court of Civil Appeals of Texas, Corpus Christi.

April 22, 1976.

Rehearing Denied May 13, 1976.

**274**

Andrew L. Monson, Lopez, Uribe, & Monson, Brownsville, for appellant.

F. Van Huseman, Maddin, White & Brin, Corpus Christi, for appellees.

## OPINION

YOUNG, Justice.

In a jury trial on limitations issues separate from liability issues, the trial court rendered judgment granting the defendants' motion for a directed verdict. The plaintiff appeals.

On June 21, 1971, Alfredo Ernesto Ramos filed his original petition seeking damages for personal injuries alleged to have resulted from an automobile collision on February 13, 1971, in Willacy County, Texas. That petition alleged a collision between vehicles driven by the plaintiff and defendant Albert Levingston, Jr. Later the case was transferred to Nueces County on June 10, 1972, pursuant to the trial court's order sustaining defendant's plea of privilege.

Then on September 21, 1973, more than two years after the alleged collision occurred, the plaintiff filed his first supplemental petition alleging: a collision between vehicles driven by plaintiff and defendant Ramsey Edward Davis; and negligence of defendants Albert Levingston, Jr.,

and wife, Julie Beth Levingston in entrusting the family automobile to Davis.

Whereupon, in their first amended original answer, the defendants interposed the two year statute of limitations on behalf of Mrs. Levingston and Davis. The trial court then granted defendants' motion for a separate trial on the issues of limitation. After the plaintiff had introduced his evidence before the jury and had rested, the trial court granted the defendants' motion for directed verdict. In the resulting judgment, the trial court held against the plaintiff and for all the defendants. The plaintiff appeals from that judgment.

In three points of error, the appellant contends that the trial court erred in granting defendants' motion for directed verdict because: (1) the statute of limitations was interrupted by the filing of plaintiff's original petition within two years from the date of the accident; (2) there was conflicting evidence which raised an issue of fact whether State Farm Insurance Company gave plaintiff's attorney false information which prevented his filing suit within two years from the date of the accident; (3) there was sufficient evidence that agents and attorneys for State Farm Insurance Company committed acts engendered to prevent plaintiff from discovering facts which would have allowed him to file suit against defendant Davis within two years from the date of the accident, and therefore the defendants should be estopped from relying on the statute of limitations.

About appellant's first point, where he urges the timely filing of his original petition, we agree for two reasons with his contention insofar as Mr. Levingston is concerned.

■ First, the statute of limitations was never invoked in any pleading of the defendants on behalf of Mr. Levingston. The trial court, however, rendered a take nothing judgment in favor of all three defendants, including Mr. Levingston. This was error. *Moran v. Midland Farms Co.*, 282 S.W. 612, 614 (Tex.Civ.App.—El Paso 1926, no writ).

Second, the record reflects that in plaintiff's original petition Mr. Levingston was alleged to be a driver of the offending vehicle. This petition was filed within the two year period after the accident. After more than two years had elapsed after the accident, plaintiff filed a supplemental petition alleging that Levingston negligently entrusted the vehicle to Davis. In that regard, we look to Tex.Rev.Civ.Stat.Ann. art. 5539b (1958), which provides:

"Whenever any pleading is filed by any party to a suit embracing any cause of action . . . and at the time of filing such pleading such cause of action . . . is not subject to a plea of limitation, no subsequent amendment or supplement changing any of the facts or grounds of liability . . . shall be subject to a plea of limitation, provided such amendment or supplement is not wholly based upon and grows out of a new, distinct or different transaction and occurrence. . . . "

■ In our case the automobile collision was the transaction or occurrence out of which grew the appellant's claim for personal injuries. And even though the cause of action alleged in the original petition was negligence of operation of a vehicle by Mr. Levingston, the cause of action alleged in the supplemental petition of negligence of entrustment of a vehicle by Mr. Levingston was not barred by limitations because both allegations of negligence grew out of the same transaction or occurrence, the automobile collision. We so hold. See *Leonard v. Texaco Inc.*, 422 S.W.2d 160 (Tex.Sup.1967). So appellant's first point is sustained insofar as it relates to Albert Levingston, Jr.

■ But Mrs. Levingston and Davis were not joined as defendants until plaintiff filed his supplemental petition on September 21, 1973, which date was more than two years after the date of the accident on February 13, 1971. In that situation, the general rule is that where a party defendant is added to a suit by amended pleading, the statute of limitations is tolled as to him at the time he is brought into the suit, not when the original pleading was filed. *First*

*State Bank & Trust Co. v. Ramirez*, 133 Tex. 178, 126 S.W.2d 16, 18 (1939, opinion adopted); *Chesbrough v. State*, 465 S.W.2d 224 (Tex.Civ.App.—San Antonio 1971, no writ). So, the running of the statute of limitations was not interrupted as to Mrs. Levingston and Davis until the supplemental petition was filed joining them as defendants on September 21, 1973, a time more than two years after the accident on February 13, 1971. Appellant's first point is overruled insofar as it relates to Julie Beth Levingston and Ramsey Edward Davis.

■ In his second point, the appellant complains that agents of the appellees made false representations to appellant's attorney on which he relied and that reliance prevented the appellant's attorney from timely filing suit against Davis, the driver of the vehicle which collided with appellant's vehicle. In other words, the appellant accuses the appellees of fraud. And fraud prevents the running of the statute of limitations until it is discovered, or by the exercise of reasonable diligence it might have been discovered. *Ruebeck v. Hunt*, 142 Tex. 167, 176 S.W.2d 738 (1943); *Bush v. Stone*, 500 S.W.2d 885 (Tex.Civ.App.—Corpus Christi 1973, writ ref'd n. r. e.).

Since we are dealing with a directed verdict in favor of appellees, we will look only to that evidence which supports appellant's position and accept such as true. *Adams v. Slattery*, 156 Tex. 433, 295 S.W.2d 859 (1956); *Walter E. Heller & Company, Inc. v. Allen*, 412 S.W.2d 712 (Tex.Civ.App.—Corpus Christi 1967, writ ref'd n. r. e.).

Keeping these rules in mind, we believe the following is a fair summary of the evidence offered by the appellant in support of his second point. Unable to negotiate a satisfactory settlement with Mr. David Gilland, the claims adjuster for State Farm Mutual Automobile Insurance Company, after the accident Ramos employed an attorney in April 1971 to represent him. The attorney surmised from his first conference with Ramos that the accident occurred in Willacy County and that Mr. Levingston was the driver of the other car. Whereup-

on the attorney notified the insurance company of his representation. Subsequently, on June 21, 1971, he filed suit against Levingston only.

Shortly thereafter, according to the appellant's attorney, he and Mr. Gilland discussed the case in person for the first time. This discussion lasted for several hours, beginning in the attorney's office in Brownsville and continuing at dinner in Matamoros, Mexico.

The attorney's version of that continuing first discussion between him and the insurance adjuster shows the following:

1. That they struck a congenial relationship with sincerity of friendship and neither trying to take advantage of the other.

2. That neither would betray anybody's representation, but "You represent yours and I'll represent mine."

3. That the adjuster informed the attorney that there was another party in the automobile; that this was the first time the attorney knew that fact.

4. That the adjuster said that Levingston was driving the other car at the time of the accident.

5. That the adjuster informed the attorney the accident occurred in Kenedy County, not in Willacy County (where the suit was first filed).

6. That the adjuster offered to settle the claim for "between $3,000.00 and $3,500.00." That because he considered the amount too small, the attorney declined the offer.

From that day of discussions till after two years had elapsed from the date of the accident, the appellant's attorney continued negotiating about settlement. His conversations and correspondence were with Gilland and his subsequent replacement, Dan Villarreal. At no time did anyone representing Levingston or the insurance company inform the appellant's attorney that Levingston was not the other driver. And at no time did the appellant's attorney request a copy of the investigating officer's

accident report, which would have shown that Davis was the other driver. He said he knew that the report was available and that a copy for him would cost no more than two or three dollars. Nor did he engage in any discovery by means of deposition or interrogatories, even though he said he knew that it was fairly common to use those types of discovery to find out who the drivers of the colliding cars were. His reason for not using any of these tools for information was that he had no reason to because they were "dealing right over the table very clearly".

All of this brings us to an analysis of the evidence and the application of the appropriate rules of law. At the outset, we point out that fraud is never presumed; that it is the duty of a court to presume a want of fraud rather than the existence of fraud in a transaction. *Hazle v. McDonald*, 449 S.W.2d 343, 346 (Tex.Civ.App.—Dallas 1969, no writ). We also point out initially that in view of the agreement "You represent yours and I'll represent mine", this case was an adversary or arm's-length transaction from the beginning. Therefore, there was not the confidential relationship that could be a basis for our applying the lenient standard of diligence that was discussed in *Bush v. Stone*, 500 S.W.2d 885, 890 (Tex.Civ.App.—Corpus Christi 1973, writ ref'd n. r. e.).

About the congenial relationships of the appellant's attorney and the insurance adjusters, a failure to exercise diligence in an arm's-length transaction is not excused by mere confidence in the honesty and integrity of the other party. *Courseview, Incorporated v. Phillips Petroleum Company*, 158 Tex. 397, 312 S.W.2d 197 (1957).

Where, on information supplied by the adjuster, the attorney learned for the first time that another party was involved in the accident and that Willacy County was not the place of the accident, the attorney should have realized that discovery was in order to marshall the correct and necessary facts. And he said that he was experienced in the use of the tools of discovery and was generally aware that their use by

him would yield the facts which he lacked. In *Ruebuck v. Hunt,* supra, at page 739 we find the appropriate rule in this regard as follows:

"Knowledge of facts that would cause a reasonably prudent person to make inquiry, which if pursued would lead to a discovery of fraud, is in law equivalent to knowledge of the fraud."

About the adjuster's representation to the attorney that Levingston was the other driver, it is obvious that the attorney did not rely on that information. This is so because he had already filed the original petition designating Levingston as the other driver before the adjuster's claimed misrepresentation was made to him. Of course, reliance is a necessary element of fraud. See 25 Tex.Jur.2d Fraud and Deceit § 20, p. 639 (1961).

Finally, the evidence covering negotiations between the appellant's attorney and the representations of the appellees does not excuse the attorney's delay in joining Mrs. Levingston and Davis as defendants. None of the offers of settlement made by the adjusters to the attorney were by him ever accepted. So it is not shown that those offers were false. See *City of Athens v. Evans*, 63 S.W.2d 379, 381 (Tex. Comm'n App.1933, holding approved). Therefore, the appellant's second point of error is overruled.

In his third and final point of error, the appellant contends that the appellees should be estopped from pleading the statute of limitations because of their actions in preventing appellant's timely discovery of the true facts. To rely on estoppel the appellant must show that he did not ignore requirements of due care (diligence) nor blindly rely on a situation as being what it seemed rather than what it in reality was. 37 Tex.Jur.2d Limitation of Actions § 155, p. 332 (1962). We have in our discussion of appellant's second point held that appellant, as a matter of law, did not exercise reasonable diligence. For the reasons about diligence set out there the appellees are not estopped. The appellant cites *Lanpar Company v. Stanfield*, 474 S.W.2d

753 (Tex.Civ.App.—Waco 1971, writ ref'd n. r. e.) and *City National Bank of Cleburne v. Strickland*, 273 S.W.2d 667 (Tex.Civ.App.—Waco 1954, writ ref'd n. r. e.) as sustaining his contentions of estoppel.

In *Stanfield*, the debenture issuer represented that if Stanfield, a debenture holder, would withhold filing suit while other debenture holder suits were pending, that Stanfield would receive the same settlement which other debenture holders received. The appellate court affirmed the trial court's holding of estoppel against the issuer's pleading limitations because the other debenture holders were settled with and Stanfield was not. Our case can be distinguished on the facts. There was no settlement offer that was accepted by the appellant's attorney.

In *Strickland*, an 85 year old widow sued the bank who had misappropriated her deposits. Estoppel against the bank's pleading limitations was approved based on a confidential relationship between the widow and an officer of the bank. In our case we have held that there was no confidential relationship as a matter of law. The appellant's third point is overruled.

That part of the judgment directing a verdict in favor of the defendant Albert Levingston, Jr. in the separate trial on the issues of limitations is reversed and the plaintiff's cause of action is hereby reinstated and the cause is remanded to the trial court for a trial on the merits by the plaintiff against defendant Albert Levingston, Jr., only. The remaining portion of the judgment decreeing that the plaintiff take nothing in his action against defendants Julie Levingston and Ramsey Edward Davis is affirmed. Two-thirds of the costs of this appeal are taxed against plaintiff, and the remaining one-third is taxed against defendant Albert Levingston, Jr.

Reversed and remanded in part and affirmed in part.