IMPERIAL SUGAR COMPANY,
INC., Petitioner,

v.

Robert L. TORRANS, Respondent.

No. B–9168.

Supreme Court of Texas.

June 18, 1980.

Atchley, Russell, Waldrop & Hlavinka, Victor Hlavinka, Texarkana, for petitioner.

Potter & Potter, Charles A. Potter, Texarkana, Ark., for respondent.

PER CURIAM.

This is a suit by Imperial Sugar Company, Inc. against Robert L. Torrans and W. L. Chandler to recover damages for conversion of sugar. Based on a jury verdict, the trial court rendered judgment for Imperial against Torrans, the owner of the warehouse where the sugar was stored, and Chandler, a food broker employed by Imperial. The Court of Civil Appeals affirmed. 602 S.W.2d 275.

Contrary to Imperial's established warehouse procedure, Torrans permitted Chandler to withdraw sugar from the warehouse without proper documentation. This enabled Chandler to withdraw and sell the sugar without paying Imperial immediately.

Following the discovery of a sugar shortage at Torrans' warehouse, Imperial filed suit against Chandler and Torrans alleging breach of contract, conspiracy, fraud and conversion. The trial court found, as a matter of law, that Torrans, as bailee of the sugar, was responsible for the loss unless otherwise excused, but that there was no evidence of fraud on Torrans' part. The jury found Chandler wrongfully removed the sugar from the warehouse and failed to find all facts necessary to support Torrans' defense of estoppel. The jury also found the value of the sugar on several different dates corresponding to the parties' opposing contentions concerning the dates of conversion.

The trial court rendered judgment against Chandler for $42,686.33 and against Torrans for $18,455.01. The judgment provided that Torrans was jointly and severally liable for damages to $18,455.01, but was entitled to indemnity from Chandler. Although Torrans and Chandler were found jointly and severally liable for converting the same sugar, the disparity in the measure of damages is explained by *DeShazo v. Wool Growers' Central Storage Company,*

139 Tex. 143, 162 S.W.2d 401 (1942). In *DeShazo*, this Court said at 404:

"It is the general rule that where one person converts the property of another and appropriates it to his own use, or sells or otherwise disposes of it, the measure of damages is the value of the property converted at the time of such conversion, with legal interest. On the other hand, it is the law that where the conversion is attended with fraud, a willful wrong, or gross negligence, and the property converted is of changing or fluctuating value, the measure of damages is the highest market value of such property between the date of conversion and the filing of the suit."

The jury's find that Chandler "committed a willful wrong against his principal, Imperial Sugar Company," together with the escalating market price following the unauthorized release of sugar from the warehouse, explains the variance in damages awarded against each defendant. The judgment also denied Imperial prejudgment interest on the damages assessed against Torrans.

Imperial contends that it is entitled to prejudgment interest on the damages awarded against Torrans commencing on the respective dates of conversion. As a general rule the measure of damages in cases of conversion "is the value of the property converted at the time of such conversion, with legal interest." *DeShazo v. Wool Growers' Central Storage Company, supra* at 404. The parties to this appeal, however, have expressed contrary views whether the conversion of the sugar occurred when it was misdelivered to Chandler, or at some later time after Imperial discovered the sugar shortage. Relying on *Black Lake Pipeline Co. v. Union Construction Co.*, 538 S.W.2d 80, 96 (Tex.1976), the Court of Civil Appeals concluded that because there existed a continuing controversy regarding the date or dates the conversion became legally cognizable, Imperial's general prayer for "interest" would not support an award of prejudgment interest.

The Court of Civil Appeals' refusal to allow prejudgment interest is contrary to the rule that where damages are definitely determinable, interest is recoverable as a matter of right from the date of the injury or loss. *Black Lake Pipeline Co. v. Union Construction Co., supra* at 95–6; *Texas Company v. State*, 154 Tex. 494, 281 S.W.2d 83, 92 (1955) and *Watkins v. Junker*, 90 Tex. 584, 40 S.W. 11 (1897). In *Black Lake,* this Court said that a simple prayer for interest provides fair notice and supports an award of prejudgment interest if the plaintiff's right to prejudgment interest does not depend upon the resolution of any fact issues. *Black Lake Pipeline Co. v. Union Construction, supra* at 96. In the present case the only facts in dispute concerned issues of liability. Once the liability issues were resolved, the dates of conversion were established as a matter of law, and the value of the sugar could be determined by known standards of value. An award of prejudgment interest was therefore warranted.

The application for writ of error is granted, and without hearing oral argument, we reverse that part of the judgments below denying prejudgment interest, and remand the cause to the trial court to determine the interest due Imperial from the dates of conversion to the date of judgment. Rule 483, Tex.R.Civ.P.