Robert GARCIA, Appellant,

v.

Frank RUTLEDGE, d/b/a Frank's Truck
and Tractor, Appellee.

No. 9381.

Court of Appeals of Texas,
Amarillo.

Sept. 14, 1982.
Rehearing Denied Oct. 26, 1982.

Whittenburg, Whittenburg & Schachter, David Mullin, Susan L. Burnette, David Whitten, Amarillo, for appellant.

Kirby, Ratliff, Sansom, Manning & Greak, Ted L. Sansom, Littlefield, for appellee.

Before REYNOLDS, C.J., and COUNTISS and BOYD, JJ.

BOYD, Justice.

Appellant Robert Garcia brings this appeal from a judgment rendered non obstante veredicto in favor of appellee Frank Rutledge. The suit arises from an alleged failure on the part of Rutledge to properly repair a truck belonging to Garcia. As originally filed by Garcia, the suit alleged a breach of warranty, violation of the Deceptive Trade Practices Act, conversion and malicious prosecution. Upon trial the jury found that Rutledge had breached his warranty to repair the truck and had converted the truck. Garcia raises four points of alleged error. For the reasons hereinafter set out we reverse the judgment of the trial court and remand the case for another trial.

In his first point Garcia alleges that there was legally sufficient evidence supporting the jury verdict as to breach of warranty. In his second point, he asserts that no special issues were submitted by Rutledge on his alleged defenses to breach of warranty and, since defendant failed to establish the defenses as a matter of law, judgment for Garcia should have been rendered based on the jury verdict. In his first counterpoint, Rutledge asserts Garcia cannot recover on the breach of warranty because Garcia failed to perform a simultaneous condition of the contract, viz., payment of the contract price. Logical continuity, we think, requires discussion of these points and the counterpoint together.

To sustain the action of the trial court in granting the motion for judgment notwithstanding the verdict, it must be determined that there is no evidence upon which the jury could have made its findings. In acting upon the motion, all evidence must be considered in a light most favorable to support the jury verdict, and every reasonable intendment deducible from the evidence is to be indulged in favor of the verdict. Only the evidence and inferences therefrom that support the jury finding should be considered with all contrary evidence and inferences being rejected. *Dodd v. Texas Farm Products Co.,* 576 S.W.2d 812 (Tex.1979). A judgment notwithstanding the verdict can only be upheld

**310**

when rendition of a directed verdict would have been proper. Tex.R.Civ.P. 301.

Viewed in a light most favorable to the jury verdict, the evidence shows that in September 1979, Garcia took his truck to Rutledge's garage for repairs. On October 31, 1979, he picked up the truck and paid a repair bill of $3,302.34 with a check. Rutledge had given a 90 day warranty on his work. Garcia immediately began having problems with the truck. The air compressor didn't pump air, the exhaust emitted white smoke which was not characteristic of diesel engines, the engine made strange noises and the oil pressure was low. The next day, Garcia notified either Rutledge or one of his employees of the problems he was having and his desire to have the truck fixed. Later, Garcia's check was returned for insufficient funds, although at the time he gave the check he thought he had deposited enough money to cover the check. When told the check had bounced, Garcia agreed to pay when the truck was fixed. He returned the truck to Rutledge's garage in December but the truck was never fixed.

The evidence was sufficient to justify the jury in finding that Rutledge's repair warranty to Garcia had been breached. Indeed, Rutledge candidly admits the truth of the finding by the jury that he had breached a warranty to repair.

Rutledge argues, however, that no recovery is proper without a showing by Garcia that he paid for the repairs in the first place. He asserts that the evidence is uncontroverted that Garcia gave an "insufficient funds" check when the truck was picked up. He reasons that the performance required of Rutledge, i.e. repair of the truck, was a concurrent or simultaneous condition to the performance required of Garcia which was payment of the contract price of reasonable charges. Thus, he says, without proper payment Garcia never became entitled to any kind of performance from appellee. We disagree.

While it is difficult to categorize Rutledge's argument, close analysis reveals that it is, in essence, a plea of failure of consideration excusing his non-performance.

■ Failure of consideration is a defense which must be specifically pled by a defendant. Tex.R.Civ.P. 94. The salutary purpose of this rule is to require the defendant to announce in his pleadings what his defense will be if it includes any of the matters referred to in the Rule, and to give the plaintiff the opportunity of knowing what character of proof he may need to meet the defense pled. *Reid v. Associated Employers Lloyds,* 164 S.W.2d 584 (Tex.Civ.App.—Fort Worth 1942, writ ref'd). In the absence of such a plea the question of failure of consideration is not before a reviewing court, *Leal v. Leal,* 401 S.W.2d 293 (Tex.Civ.App.—San Antonio 1966, no writ history).

■ Moreover, we cannot agree that the evidence that appellant's check was returned established this defense of appellant as a matter of law. In discussion of this question, we must note that, the contract in question being one in which the predominant factor was the furnishing of services and performance of work (engine repair), Chapter 2 of the Texas Uniform Commercial Code does not apply. *Freeman v. Shannon Const., Inc.,* 560 S.W.2d 732, 739 (Tex. Civ.App.—Amarillo 1978, writ ref'd n.r.e.). We are, therefore, relegated to basic principles of contract law.

Both parties agree that they reached an agreement when Garcia initially brought his truck to Rutledge for repairs. Both agree that, under this agreement, Rutledge promised to repair the truck and Garcia promised to pay for the repairs. There apparently was no express agreement concerning when each party was obligated to perform on his respective promise. However, the uncontroverted evidence establishes that, after the initial conversations between the parties relating to repair, Rutledge picked up the truck and, without request for any deposit or preliminary payment from Garcia, commenced the repair work.

■ The acts of the parties themselves indicating the construction they place upon

a contract is the highest evidence and entitled to great if not controlling weight. *Lone Star Gas v. X-Ray Gas Co.,* 139 Tex. 546, 164 S.W.2d 504, 508 (1942). It is therefore reasonable to infer, that the intent of the parties was that Garcia was not obligated to pay until the repairs were completed, thereby making the proper completion of the repairs a condition precedent to the obligation of appellant to pay for the repairs. A contractual "condition precedent" has been defined as "those acts or events, which occur subsequently to the making of a contract that must occur before there is a right to immediate performance and before there is a breach of contractual duty." *Hohenburg Bros. v. George E. Gibbons & Co.,* 537 S.W.2d 1 (Tex.1970). Since the jury's finding that Rutledge had breached his warranty of repair is supported by sufficient evidence, the necessary implication of this finding is that Rutledge failed to fulfill his condition precedent to receiving payment. It is obvious, therefore, that Garcia's failure to pay did not, as a matter of law, establish any defense to the breach of warranty. Appellant's first point of error is granted as is appellant's point of error two to the extent hereinafter set out. Appellee's first counterpoint is overruled.

In point of error three, appellant asserts error on the part of the trial court in disregarding the jury finding that Rutledge converted the truck belonging to Garcia since there was legally sufficient evidence supporting such finding. In point four appellant alleges that, since appellee submitted no jury issues on his alleged defenses to conversion and, since he failed to establish his defenses as a matter of law, appellant was entitled to judgment for such conversion. In his third counterpoint, appellee asserts that, to the contrary, his continued possession of the truck after appellant's demand for its return was justified as a matter of law. Again, we think logical continuity requires a discussion of these points and counterpoint together.

Article 16, Section 37, of the Texas Constitution gives mechanics, artisans and materialmen a lien upon articles repaired by them for the value of their labor done or material furnished. This provision is self-executing, and the lien exists independently and apart from any legislative act. *Hayek v. Western Steel Company,* 478 S.W.2d 786 (Tex.1972). This lien, however, does not authorize the repairman to take possession of the article repaired and hold it until his charges are paid. *McBride v. Beakley,* 203 S.W. 1137 (Tex.Civ.App.— Amarillo 1918, n.w.h.). The right to this constitutional lien, which may be foreclosed in the Courts, and any right to retain possession until the debt is paid are two separate and distinct rights. *Paul v. Nance Buick Company,* 487 S.W.2d 426 (Tex.Civ. App.—El Paso 1972, no writ). Appellee's defense then must, of necessity, rest upon any possessory right given him by Article 5503, Tex.Rev.Civ.Stat.

Article 5503 gives a repairman the right "to retain possession" of the article repaired. However, it is well established that the right to retain possession given by this statute is lost on voluntary delivery of the vehicle to the owner where no fraud in obtaining possession is involved. *Texas Hydraulic & Equipment Company, Inc. v. Associates Discount Corporation,* 414 S.W.2d 199 (Tex.Civ.App.—Austin 1967, no writ). Also, by coming into the possession of the vehicle again after the original voluntary delivery, the garageman's lien is not revived. *Caldwell v. Auto Sales & Supply Co.,* 158 S.W. 1030 (Tex.Civ.App.—Austin 1913, no writ). The evidence in this case clearly establishes that, upon delivery of the check, possession of the truck was voluntarily returned to Garcia. Rutledge, however, argues that payment by bad check makes the delivery involuntary or conditional as a matter of law and cites as authority for this contention Sections 2.511(c) and 2.507(b), Texas Business and Commerce Code. For the reasons stated above, we do not believe that these provisions of the Code apply to this transaction. Therefore, we believe, unless the giving of the check in question amounted to fraud sufficient to prevent the invocation of the general rule, Rutledge was not entitled to a possessory lien when

the truck was returned to him and, his failure to return the truck was a conversion.

Fraud is an affirmative defense under Tex.R.Civ.Pro. Rule 94 and, unless established as a matter of law, the burden was upon Rutledge not only to plead the defense but to obtain jury findings to establish the necessary elements of this defense. *Oil Well Division, United States Steel Corp. v. Fryer,* 493 S.W.2d 487, 490 (Tex.1973). Rutledge did not plead this defense or obtain any jury findings in connection with it. Our inquiry, therefore, must be directed to ascertain if it is established as a matter of law.

It has been stated that fraud is an elusive and shadowy term which has been defined in some cases as "any cunning or artifice used to cheat or deceive another," and that it is synonymous with bad faith-over-reaching and dishonesty. *Kinard v. Sims,* 53 S.W.2d 803 (Tex.Civ.App.—Amarillo 1932, err. ref'd). Fraud is never presumed; it is the duty of a court to presume a want of fraud rather than the existence of fraud in a transaction. *Ramos v. Lenington,* 536 S.W.2d 273, 277 (Tex.Civ.App.—Corpus Christi 1976, no writ); *Hazle v. McDonald,* 449 S.W.2d 343, 346 (Tex.Civ.App.—Dallas, no writ); *Hawkins v. Campbell,* 226 S.W.2d 891, 895 (Tex.Civ.App.—San Antonio 1954, writ ref'd n.r.e.). In view of this presumption and the evidence in this case that Garcia thought he had deposited funds sufficient to cover the check, we do not find fraud on the part of Garcia established as a matter of law.

█ Rutledge also presents the ingenious argument that that provision of Article 5503, providing for continuance of the lien when payment has been made by a check upon which payment is stopped, is applicable in this case. He submits that payment is "stopped" within the purview of the statute when the bank refuses to pay and that no good reason exists for a distinction between a direct order to stop payment on one hand, and the "placing in the account of insufficient funds for payment on the other." We cannot agree. For whatever rea-son, the legislature limited this provision for continuing lien solely to cases where "payment is stopped on such check, draft, or written order." We think the language is quite clear and the distinction obvious between a check upon which payment is stopped by affirmative action of the maker and a check returned by the bank unpaid because of insufficient funds. We grant points of error three and four to the extent hereinafter set out and overrule counterpoint three.

Now, we think, logical continuity requires a discussion of Rutledge's counterpoint two wherein he asserts Garcia has shown no loss or damage from breach of warranty. A more detailed recitation of the evidence presented would only add to the length of the opinion. Suffice it to say we have carefully reviewed the evidence in the case and find it sufficient to support the finding of the jury on this point. Appellee's counterpoint two is overruled.

We next move to consideration of appellee's fourth counterpoint which is, we think, dispositive of this appeal. The literal language of the counterpoint is that the jury's answers to the conversion damage issues (issues 6 and 7) have no support in the evidence. However, the argument under the point also addresses the question of the sufficiency of the evidence to support the findings of the jury and we consider that question raised for our decision. *O'Neal v. Mack Trucks, Inc.,* 542 S.W.2d 112, 114 (Tex.1976). We agree that the evidence is insufficient to support the jury's answer to issue 6 in which it found the sum of $6,000.00 for loss of use of Garcia's truck.

The only evidence in the record on loss of use of the truck was from appellant Garcia. He testified at one point that he could "make" three hundred dollars per day using the truck and could have used it six to seven days a week. He later testified he arrived at that figure by figuring what he made a week or month since his hauling income varied, sometimes making two hundred dollars per day. The amount per day varied according to how many loads were hauled, how many pounds hauled, the num-

ber of miles involved, etc. There is no testimony as to the expense of fuel, employee's wages attributable to the truck, and other overhead factors.

 It is well established that, as an item of special damage, the value of the loss of use of converted personalty, may be awarded. It is also true that it is not essential that the value be shown with absolute certainty. Latitude is allowed in determining damages where there is no precise measurement, the object being to award the owner actual pecuniary compensation for his loss. *Texas Tool Traders, Inc. v. Mosley Machinery Co.,* 422 S.W.2d 229 (Tex.Civ. App.—Waco 1967, no writ); *International Great Northern R. Co. v. Casey,* 46 S.W.2d 669 (Tex.Com.App.1932). It naturally follows, we think, that, in order to award Garcia actual pecuniary compensation, the expense of operation of the truck must be deducted from the gross earnings that would have been made from the truck. *Universal Credit Co. v. Wyatt,* 56 S.W.2d 487 (Tex.Civ.App.—El Paso 1933, no writ). This expense data is something that could have been shown by Garcia with a reasonable degree of certainty and exactness.

In support of his proposition that the evidence is sufficient to support the finding of the jury, Garcia cites the cases of *Harper Building Systems v. Upjohn Co.,* 564 S.W.2d 123, 126 (Tex.Civ.App.—Beaumont 1978, writ ref'd n.r.e.) and *McDuff v. Howard,* 430 S.W.2d 953 (Tex.Civ.App.—Amarillo 1968, writ ref'd n.r.e.). We think these cases may be distinguished. In *Upjohn* the cost of producing the panels was shown and referred to in the court's opinion. In *Howard* reference is made to testimony about the *profits* the truck in question earned. Without evidence as to the expense of operation of the truck here in question, the jury's answer as to the value of the loss of use must of necessity be the result of conjecture and hence impermissible. *Super-Cold Southwest Co. v. Green & Romans,* 196 S.W.2d 340 (Tex.Civ.App.—Fort Worth 1946, no writ). 17 Tex.Jur.2d Damage § 143.

We think we are compelled to grant appellee's counterpoint four insofar as it relates to the jury's answer to special issue 6. Since we have concluded that the trial court was not justified in granting a judgment non obstante veredicto, and the evidence was insufficient to support the finding of the jury as to loss of use, we think it necessary to reverse the case and remand for a new trial. Tex.R.Civ.Pro. 434.

## OPINION ON MOTION FOR REHEARING

Upon original submission we found the evidence insufficient to support the jury's answer to Special Issue 6 in which the jury awarded $6,000.00 to appellant for loss of use of his truck and, based upon that finding, remanded the case for re-trial. Appellant has now filed a motion for rehearing in which he waives his right to recover for loss of use of the truck in question. He now asks us, in accordance with the jury verdict, to render judgment in his favor for the $297.66 difference between the $3,600.00 amount awarded to him as the cost of remedying the breach of warranty less the $3,302.34 amount awarded Rutledge for his usual and customary charges, trebled, or a total of $892.98, plus $2,500.00 attorneys' fees, plus $3,000.00 for the value of the truck, together with interest and court costs. For reasons explained below, we grant appellant's motion and render judgment as hereinafter stated.

 Appellant contends, that under the provisions of the Deceptive Trade Practices—Consumer Protection Act (Tex.Bus. & Com.Code Ann. § 17.41 et seq.), the $297.66 difference between the amount awarded to him as damages for appellee's breach of warranty and the amount awarded appellee as the value of the services, material and labor furnished by appellee should be trebled. We agree. Tex.Bus. & Com.Code Ann. § 17.50(b)(1) provides that a consumer prevailing in a suit under this section may obtain an award for the amount of actual damages he was found to have suffered and that in addition the court *shall* award two times that portion of the actual damages that does not exceed

$1,000.00. As an individual seeking services from appellee, Garcia qualifies as a consumer under the Act, Tex.Bus. & Com.Code Ann. § 17.45(4), and his net amount of damage is under $1,000.00. He is, therefore, entitled to judgment for the actual net damages found—$297.66—plus two times that finding for a total recovery of $892.98. Appellant is also entitled to the $2,500.00 found by the jury to be a reasonable attorneys' fee. Tex.Bus. & Com.Code Ann. § 17.50(d).

We next consider appellant's contention that he is entitled to judgment for the $3,000.00 as value of the truck on the date of conversion as found by the jury. The general rule is that the measure of damages is the value of the property converted at the time of the conversion with legal interest. *Imperial Sugar Co. v. Torrans,* 604 S.W.2d 73, 74 (Tex.1980). When the plaintiff has regained possession of the converted goods prior to trial, the damages to which he is entitled will normally be mitigated accordingly. *American Surety Co. of New York v. Hill County,* 254 S.W. 241 (Tex.Civ.App.—Dallas 1923, affirmed 267 S.W. 265). Appellant's damages would ordinarily be calculated by subtracting the value of the truck at the time he regained possession from the value of the truck at the time of the conversion. *Field v. Munster,* 11 Tex.Civ.App. 341, 32 S.W. 417 (Tex. Civ.App.1895, err. dis. 89 Tex. 102, 33 S.W. 852). However, the burden is on the defendant to prove facts which will authorize a mitigation of the damages claimed by the plaintiff. *Mayo Shell Corp. v. Lotz Towing Co.,* 279 S.W.2d 124 (Tex.Civ.App.—Galveston 1955, writ ref. n.r.e.). No issue as to the value of the truck on the date of its return to appellant was submitted and no such issue was requested by appellee. By his failure to request such an issue appellee waived the issue. Tex.R.Civ.P. 279. We are therefore compelled to the conclusion that appellant is entitled to judgment for the value of the truck on the date of conversion.

Since we have concluded that the trial court's action in granting a judgment non

obstante veredicto was not justified, reinstatement of the jury's verdict is required and judgment must be rendered in accordance with that verdict. *Jackson v. Ewton,* 411 S.W.2d 715 (Tex.1967). The previous judgment of this court is withdrawn and the clerk of this court is directed to enter our judgment reversing the judgment of the trial court and rendering judgment for appellant Garcia in the amount of $3,892.98, plus attorney fees of $2,500.00 with statutory interest, and costs of the suit and appeal.