**William B. RYAN, Appellant,**

v.

**Abo–Obayadh ABDEL–SALAM Individually and d/b/a Medical Center Conoco, Appellees.**

**No. 01–99–00309–CV.**

Court of Appeals of Texas, Houston (1st Dist.).

Feb. 1, 2001.

Rehearing Overruled March 26, 2001.

---

Joe A. Izen, Jr., Bellaire, for Appellant.

Abdel-Salam, Houston, for Appellees.

Panel consists of Chief Justice SCHNEIDER and Justices TAFT and BRISTER.

## OPINION

SCHNEIDER, Chief Justice.

Appellant asked appellee to make some repairs to his minivan. When appellant did not tender payment in full for the repair services, appellee had the minivan repossessed. Appellant sued appellee for Deceptive Trade Practices Act[1] (DTPA) violations, breach of contract, illegal seizure of the car, and theft of contents. Appellee counterclaimed for the balance due on the cost of the repairs. After a bench trial, the Court denied relief to both appellant and appellee and ordered a take nothing judgment against both sides. Appellant appeals. We affirm.

### Factual Background

■ The facts in this case are in conflict. At trial, appellant's version of events was in direct contradiction to appellee's story. The record does not reflect any request made to the trial court for findings of fact and conclusions of law. When there are no findings of fact, the trial court is presumed to have made all the necessary findings to support the judgment. See Worford v. Stamper, 801 S.W.2d 108, 109 (Tex.1990); Valley Steel Products Co. v. Howell, 775 S.W.2d 34, 36 (Tex.App.—Houston [1st Dist.] 1989, no writ). Based on the trial court's judgment and the record before us, we imply the following facts as necessary to support the judgment.

Appellant entered into an agreement with Medical Center Conoco station to repair his 1985 Plymouth Voyager van. Appellee operated the station and agreed to make repairs solely to the van's transmission and CV joints, even though there were additional problems with the van. Appellant signed a repair order for $900 and left.

Appellee called appellant and told him there were some personal belongings left in the van. Appellant came by and picked up his belongings from the garage. When the repairs were complete, appellee called appellant and told him to come pick up his van. Appellant left his repaired van at the Conoco station for over two months. During this time, appellee and his employees contend they left over 30 messages for appellant to come pick up his van. Finally, appellant came in, picked up his van, and paid appellees with a personal check for $400. Although this was not the full amount due, the parties agreed that, if appellant would pay appellee the additional $500 in cash within 10 days, appellee would release the van to him.

1. See Chapter 17, Texas Business and Commerce Code (Vernon 2000).

The check for $400 was returned without payment for insufficient funds. Appellant then paid appellee $400 with a money order, but refused to pay the additional $500 because he said the transmission was not repaired correctly. Appellee explained that appellant had a 90–day, 12,000 mile warranty and that any necessary repairs would be made if the van was brought back. Appellant was also told that if he did not pay the $500 balance owed, his van would be repossessed. Appellee waited over a month, but the van was never brought back for repairs and the balance was never paid.

Finally, appellee requested that a repossession company repossess the van and tow it to his station. Two days after the van was repossessed, appellant began sending demand letters to both the repossession company and appellee, asking for the return of his van and the contents that were in it, which he needed for his business. Although appellant sent several demand letters, he did not tender the $500. Appellee ignored the letters. Over a year later, when appellant had still not paid the balance due, appellee sold the van to one of his mechanics for $185. The employee testified the van had problems with the head gasket, exhaust, radiator, and engine.

Appellant sued for breach of contract and a violation of the DTPA. He also alleged that the sale of the vehicle was illegal and resulted in the illegal seizure of his personal property, which had been left in the van. Appellee counterclaimed for the $500, his out-of-pocket wrecker fees, and the $25 insufficient funds charge, for a total of $740. After a trial to the bench, the judge signed a judgment that both parties would take nothing. She denied all relief to both parties and concluded that all relief not granted was denied.

Appellant raises two points of error upon appeal. First, appellant alleges the trial court erred in refusing to enter judgment for appellant on his claims for violation of the DTPA, breach of contract, and illegal seizure of the vehicle. Second, appellant contends the trial court should have awarded him attorney's fees as a prevailing party.

### Analysis

1. *Legal and Factual Sufficiency of the Evidence*

#### A. *Standard of Review*

Because findings of fact were neither filed nor requested, the judgment of the trial court implies all necessary findings of fact to support it. *See Holt Atherton Indus., Inc. v. Heine*, 835 S.W.2d 80, 83 (Tex.1992). Legal and factual sufficiency of the implied findings may still be challenged upon appeal. *See id.* An appellate court will apply the same standard of review to sufficiency challenges of implied findings as is applied in the review of jury findings. *See id.; Herter v. Wolfe*, 961 S.W.2d 1, 3 (Tex.App.—Houston [1st Dist.] 1995, writ denied). We construe appellant's argument that the trial court erred in refusing to enter judgment for him on his claims for a DTPA violation, breach of contract, and illegal seizure as a challenge to the legal and factual sufficiency of the evidence.

In reviewing the legal sufficiency of the evidence, we consider only the evidence and reasonable inferences tending to support the implied finding, viewing it in the light most favorable to the verdict. *See Herter*, 961 S.W.2d at 3. A legal sufficiency challenge will be overruled if there is more than a scintilla of evidence to support the implied finding. *See id.*

When factual sufficiency of the evidence is challenged, we consider all the evidence, both in support of and contrary to the challenged implied finding, and uphold the implied finding unless it is against the great weight and preponderance of the evidence so as to be manifestly unjust. *See id.*

#### B. *DTPA Claim and Breach of Contract Claim*

▉ We do not reach the merits of the DTPA violation and breach of contract sufficiency challenge because appellant has not properly briefed the points for our consideration. These points are not supported with any legal authority and appellant fails to cite to relevant portions of the trial court record to support his sufficiency challenge. When a party fails to include any citation of authority or discussion of relevant facts to support its sufficiency contention, "we will not perform an independent review of the record and applicable law to determine whether the error complained of occurred." *Happy Harbor Methodist Home, Inc. v. Cowins*, 903 S.W.2d 884, 886 (Tex.App.—Houston [1st Dist.] 1995, no writ). Thus, we consider appellant's sufficiency challenge regarding the alleged DTPA violation and breach of contract to be waived. *See, e.g., Rendleman v. Clarke*, 909 S.W.2d 56, 59 (Tex. App.—Houston [14th Dist.] 1995, writ dism'd as moot).

### C. Illegal Seizure

#### (i.) Legal Sufficiency

▉ We examine the evidence to determine if there is any support in the record for the implied finding that appellee had a valid right to repossess the van. For legal sufficiency, we limit our review to the evidence that supports the implied finding.

If a person signs a repair contract containing a notice that the article may be subject to repossession and the notice is printed on the repair contract in a conspicuous manner with a separate signature line, possession of the article may be taken when the person has not satisfied their payment obligations. *See* § 70.001(c)(2) Tex.Prop.Code Ann. (Vernon 2000).

The record reflects a repair order containing a clause that states, "[A]n express mechanics lien is acknowledged on above vehicle to secure the amount of repairs thereto." The clause appears in a separate box near the bottom of the repair order next to the "total," and contains a signature line that appellant signed. In addition, appellee stamped a notice pursuant to Section 70.001 of the Texas Property Code over the signature and posted notice signs in his store explaining that failure to pay for repair services could result in repossession. Appellee also called appellant numerous times asking him to pay the balance owed on the repairs or it would be repossessed.

Because the record does not contain findings of fact and there is more than a mere scintilla of evidence in the record supporting the implied findings of fact, we find the trial court properly denied appellant relief on the illegal seizure claim. *See Lopez v. Hansen*, 947 S.W.2d 587, 590 (Tex.App.—Houston [1st Dist.] 1997, no writ). We find the evidence legally sufficient to support the trial court's finding.

#### (ii.) Factual Sufficiency

For factual sufficiency, we review all the evidence and will set aside the implied finding only if it was so against the great weight and preponderance of the evidence that the result was manifestly unjust.

▉ Appellant argues that because the repair order only contained one signature line, appellee did not comply with Section 70.001(c)(2) of the Property Code's requirement that there be a "separate signature line." Although the repair order did contain one signature line, the trial judge made an implied finding and an implied conclusion of law that appellee complied with the notice requirements in the Property Code. The Property Code does not necessarily require two signature lines, as long the notice is "conspicuous" and the signature line is "separate."

▉ Appellant also relies upon *Garcia v. Rutledge* for the proposition that, absent fraud, a possessory lien is lost upon voluntary delivery of a vehicle to its owner and is not revived if the mechanic gets possession at a later time. *See* 649 S.W.2d 307, 311 (Tex.App.—Amarillo 1982, no writ). Based on this case, appellant suggests that, once the van was released to his

possession, even repossession could not revive appellee's possessory lien. This case is distinguishable. Not only does it refer to the old, unrevised section of the Property Code, but it also refers to a situation where the owner of the vehicle tendered payment in full to the garage owner before obtaining possession of the car. *See id.*

In the case before us today, appellant never tendered payment in full, and so appellee's right to a possessory lien was never relinquished. The revival of the possessory lien is not an issue because appellee always had a lien. *See e.g., Dob's Tire and Auto Center v. Safeway Ins. Agency,* 923 S.W.2d 715, 719 (Tex.App.— Houston [1st Dist.] 1996, writ dism'd w.o.j.) (holding that, if a garage relinquishes possession of a vehicle in return for an insufficient check, the lien continues to exist).

 Alternatively, appellant argues that there is no evidence to support the trial judge's implied finding of fraud. Appellant assumes that, because the trial judge did not grant him relief, she must have made an implied finding of fraud based upon the fraud exception in *Garcia v. Rutledge. See Garcia,* 649 S.W.2d at 311 (finding that fraud is an affirmative defense that a mechanic can assert to avoid losing his possessory lien after voluntary delivery of a vehicle to its owner). We find that the trial judge did not necessarily have to make an implied finding of fraud to determine that appellee complied with the statute and appellant's claims were without merit.

Based on this evidence, we find the denial of relief to appellant on his illegal seizure claim is not so against the great weight and preponderance of the evidence that the result would be manifestly unjust. We overrule point of error one.

2. *Attorney's Fees*

 A party may recover reasonable attorney's fees if he prevails and recovers damages on a cause of action for which attorney's fees are recoverable. *See*

Tex.Civ.Prac. & Rem.Code Ann. § 38.001 (Vernon 2000); *Green Int'l, Inc. v. Solis,* 951 S.W.2d 384, 390 (Tex.1997). The grant or denial of attorneys fees is within the trial court's sound discretion, and we will not reverse the court's ruling regarding attorney's fees absent a clear abuse of discretion. *See Bell v. Katy Indep. Sch. Dist.,* 994 S.W.2d 862, 867 (Tex.App.— Houston [1st Dist.] 1999, no pet.).

Based upon our holding above that appellant take nothing on his DTPA, breach of contract, and illegal seizure claim, there have been no damages recovered. Thus, appellant is not a prevailing party, and it was not an abuse of discretion for the trial court to deny attorney's fees. We overrule the point of error.

### *Conclusion*

We affirm the judgment of the trial court.