NUMBER 13-01-767-CV



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI


___________________________________________________________________


JAMES R. CAMERON, Appellant,


v.



WILLIAM BELL D/B/A JFK HOME MOVING, Appellee.

___________________________________________________________________


On appeal from the 117th District Court


of Nueces County, Texas.


__________________________________________________________________


MEMORANDUM OPINION



Before Chief Justice Valdez and Justices Rodriguez and Dorsey (1)


Opinion by Justice Rodriguez



 Appellant, James Cameron, brings this appeal following the trial court's
judgment in favor of appellee, William Bell. By three issues, Cameron contends the
trial court erred in: (1) awarding attorney's fees to appellee; (2) granting Bell's trial
amendment; and (3) allowing Bell to recover under a quantum merit theory. We
affirm.

I. Facts

 Cameron hired Bell to move two houses from Corpus Christi to his ranch near
Cotulla. Cameron bought the first house (Oak Park house) from Bell and agreed to pay
$13,400.00, which included the cost of moving the Oak Park house. This amount
was paid in full before the Oak Park house was moved. Around the time Bell was
preparing to move the Oak Park house, Bell agreed to move a second house (Up River
house) to Cameron's ranch. After both houses had been moved by Bell, Cameron
refused to pay Bell for the cost of moving the Up River house until Bell made some
repairs to the Oak Park house. Bell made the repairs and demanded payment of $11,
884.00 for the cost of moving the Up River house. Cameron refused to pay the
$11,884.00 because he believed the actual agreed upon price for the move of the Up
River house was $4,000.00.

 Bell asserted a mechanic's lien for $11,884.00 on three acres of real property
owned by Cameron. Bell then filed suit on a sworn account for $11,884.00. The suit
also sought foreclosure, and alleged fraud. Cameron filed a motion for partial summary
judgment that Bell take nothing on his claims for suit on a sworn account and
foreclosure of the lien, and demanded reasonable attorney's fees. The trial court
granted the partial summary judgment. Bell then filed an amended petition asserting
a quantum merit claim against Cameron. Cameron counterclaimed for: breach of
contract; breach of implied warranty; negligence; conversion; deceptive trade
practices; removal of cloud on title; and fraud.

 At the close of the trial on the merits, but prior to the jury receiving the court's
charge, Bell filed a supplemental petition with a trial amendment asserting breach of
contract as an additional cause of action. Over Cameron's objection, the trial court
allowed the amendment. The jury then found:


 that Bell and Cameron did agree on the price that Cameron would
pay Bell for moving the Up River house, and that the agreed price
was $4,000.00;

 that Bell did not fail to exercise reasonable care in the move of the
Oak Park house;

 that Bell did not fail to move the Oak Park house in a good and
workmanlike manner;

 that Bell's attorney's fees through trial were $20,000.00, and his
attorney's fees on appeal would be $3,500.00 to this Court and
$12,000.00 to the Supreme Court of Texas; and

 that Cameron's reasonable attorney's fees through trial were
$20,000.00. 



In its final judgment, the trial court granted judgment for Bell in the amount of
$4,000.00, plus the attorney's fees found by the jury. The judgment also granted
declaratory relief for Cameron, declaring the lien filed by Bell invalid and clearing the
cloud on Cameron's property. The trial court's judgment, however, did not grant
Cameron his attorney's fees as found by the jury or as requested in Cameron's partial 
summary judgment. This appeal ensued.


III. Attorney's Fees

 By his first issue, Cameron contends the trial court erred in awarding attorney's
fees to Bell and not to himself because Cameron was the prevailing party, and because
Bell's demand for $11,884.00 was excessive.

A. Standard

 The granting or denial of attorney's fees is within the trial court's sound
discretion, and we will not reverse the court's ruling regarding attorney's fees absent
a clear abuse of discretion. Ryan v. Abdel-Salam, 39 S.W.3d 332, 337 (Tex.
App.-Houston [1st Dist.] 2001, pet. denied).

B. Prevailing Party

 A party may only recover reasonable attorney's fees if he prevails and recovers
damages on a cause of action for which attorney's fees are recoverable. See Tex. Civ.
Prac. & Rem. Code Ann. § 38.001 (Vernon 1997); Green Int'l, Inc. v. Solis, 951
S.W.2d 384, 390 (Tex. 1997); Ryan, 39 S.W.3d at 337.

 In this instance, the trial court granted Cameron only declaratory relief. 
Cameron failed to recover damages on any cause of action for which attorney's fees
are recoverable. See Tex. Civ. Prac. & Rem. Code Ann. § 38.001. Thus, regardless
of whether Cameron prevailed on any claim, because he was not awarded any
damages, Cameron was not entitled to recover attorney's fees under section 38.001. 
See Green Int'l, Inc., 951 S.W.2d at 390; Ryan, 39 S.W.3d at 337.

C. Excessive Demand

 Cameron next argues that Bell's demand of $11,884.00 was excessive.

 Courts have limited the award of attorney's fees by applying the excessive
demand doctrine to section 38.001. See, e.g., Wayne v. A.V.A. Vending, Inc., 52
S.W.3d 412, 417 (Tex. App.-Corpus Christi 2001, pet. denied); Pennington v.
Gurkoff, 899 S.W.2d 767, 772 (Tex. App.-Fort Worth 1995, writ denied). A demand
is not excessive simply because it is greater than what the jury later determines is
actually due. See Findlay v. Cave, 611 S.W.2d 57, 58 (Tex. 1981). The dispositive
inquiry for determining whether a demand is excessive is whether the claimant acted
unreasonably or in bad faith. See id. at 58; Wayne, 52 S.W.3d at 418. However, a
party must affirmatively assert excessive demand in their pleadings as a defense to the
claim for attorney's fees, and request and obtain findings of facts on the essential
elements of excessive demand. See Pratt v. Trinity Projects, Inc., 26 S.W.3d 767,
769 (Tex. App.-Beaumont 2000, pet. denied); Essex Crane Rental Corp. v. Striland
Const. Co., Inc., 753 S.W.2d 751, 758 (Tex. App.-Dallas 1988, writ. denied); cf.
Wayne, 52 S.W.3d at 418 (excessive demand issue submitted to jury).

 In this instance, Cameron never asserted any excessive demand pleading as a
defense to the claim for attorney's fees. Moreover, Cameron's argument that he was
not able to assert such a pleading because he was surprised by Bell's supplemental
trial amendment is unconvincing. Cameron could have asserted an excessive demand
claim as a defense to Bell's claim for attorney's fees under his quantum merit cause
of action. See Tex. Civ. Prac. & Rem. Code Ann. § 38.001(1), (2) (Vernon 1997). 
Thus, we conclude the trial court did not abuse its discretion in awarding Bell
attorney's fees and not Cameron. See Ryan, 39 S.W.3d at 337. Cameron's first
issue is overruled.

IV. Trial Amendment

 By his second issue, Cameron contends the trial court erred in granting the trial
amendment because it is prejudicial on its face.

A. Standard

 A trial court shall permit a party to amend its pleading before judgment is
entered, unless: (1) the opposing party presents evidence of surprise or prejudice; or
(2) the amendment asserts a new cause of action or defense and is, thus, prejudicial
on its face. State Bar of Tex. v. Kilpatrick, 874 S.W.2d 656, 658 (Tex. 1994). If the
trial amendment is not mandatory, then the decision to permit or deny the amendment
rests within the sound discretion of the trial court and may be reversed only upon the
showing of a clear abuse of discretion. Id.; Myers v. Walker, 61 S.W.3d 722, 727
(Tex. App.-Eastland 2001, pet. denied).

B. Analysis

 A proposed trial amendment, which asserts a new cause of action may be
prejudicial on its face. Stephenson v. Leboeuf, 16 S.W.3d 829, 839 (Tex.
App.-Houston [14th Dist.] 2000, pet. denied); Whole Foods Mkt. Southwest, L.P. v.
Tijerina, 979 S.W.2d 768, 777 (Tex. App.-Houston [14th Dist.] 1998, pet. denied). 
However, merely because an amended pleading asserts a new cause of action does
not make it prejudicial to the opposing party as a matter of law. Leboeuf, 16 S.W.3d
at 839; Tijerina, 979 S.W.2d at 777. Rather, the amendment must be evaluated in
the context of the entire case. Leboeuf, 16 S.W.3d at 839; Tijerina, 979 S.W.2d at
777.

 There are three defining characteristics ascertainable from an amendment that
is prejudicial on its face. First, the amendment must assert a new substantive matter
that reshapes the nature of the trial itself. Leboeuf, 16 S.W.3d at 839; Tijerina, 979
S.W.2d at 777. Second, the new matter asserted must be of such a nature that the
opposing party could not have anticipated it in light of the development of the case up
to the time the amendment was requested. Leboeuf, 16 S.W.3d at 839; Tijerina, 979
S.W.2d at 777. "Merely because the opposing party did not anticipate the issues in
the amendment is not the test. The question is whether the opposing party could have
anticipated the newly asserted matter as revealed by the record of the case." Leboeuf,
16 S.W.3d at 839; Tijerina, 979 S.W.2d at 777 (quoting Smith Detective Agency &
Nightwatch Serv., Inc. v. Stanley Smith Sec., Inc., 938 S.W.2d 743, 749 (Tex.
App.-Dallas 1996, writ denied) (emphasis in original)). Third, the opposing party's
presentation of the case would be detrimentally affected by the filing of the
amendment. Leboeuf, 16 S.W.3d at 839; Tijerina, 979 S.W.2d at 777.

 In this instance, Cameron asserted a breach of contract claim against Bell
because of damage to the Oak Park house, and because Bell was asking a higher price
than what was agreed to for moving the Up River house. Bell asserted a quantum
merit claim for services rendered in moving the Up River house. At the close of
evidence, when it was apparent that there was a contract between the two parties as
Cameron had claimed, Bell asserted his breach of contract claim. We find Bell's breach
of contract claim did not reshape the nature of the trial, or affect Cameron's
presentation of his case. See Leboeuf, 16 S.W.3d at 839; Tijerina, 979 S.W.2d at
777. Moreover, claims for breach of contract and quantum merit are routinely
asserted together as alternative theories of recovery. See Centex Corp. v. Dalton, 840
S.W.2d 952, 955 (Tex. 1992). Cameron could have anticipated that Bell would assert
a breach of contract claim in his trial amendment as an alternate to his quantum merit
claim. See Leboeuf, 16 S.W.3d at 839; Tijerina, 979 S.W.2d at 777. Based on the
context of the entire case, we conclude Bell's trial amendment is not prejudicial on its
face. See Leboeuf, 16 S.W.3d at 839; Tijerina, 979 S.W.2d at 777. Thus, the trial
court did not abuse its discretion in granting Bell's trial amendment. See Kilpatrick,
874 S.W.2d at 658. Cameron's second issue is overruled.

V. Quantum Merit

 By his third issue, Cameron contends the trial court erred in allowing Bell to
recover under a quantum merit theory.

 As we have already discussed, a claim for breach of contract and quantum merit
are routinely asserted together as alternative theories of recovery. See Centex Corp.,
840 S.W.2d at 955. Recovery on an express contract and on quantum merit are
inconsistent. Sheridan & Son Co., Inc. v. Seminole Pipeline Co., 731 S.W.2d 620,
624 (Tex. 1987). Where there exists a valid express contract covering the subject
matter, there can be no implied contract. Id.

 In this instance, the jury specifically found that Cameron agreed to pay Bell
$4,000.00 for moving the Up River house. Thus, because there was an express
contract between the two parties, there was no implied contract. Bell only recovered
under his breach of contract theory. Cameron's third issue is overruled.

 Accordingly, we affirm the judgment of the trial court.

 

 NELDA V. RODRIGUEZ

 Justice


Opinion delivered and filed

this 6th day of February, 2003.

 
1. Retired Justice J. Bonner Dorsey assigned to this Court by the Chief Justice of the
Supreme Court of Texas pursuant to Tex. Gov't Code Ann. § 74.003 (Vernon 1998).