Opinion issued May 26, 2005
















In The
Court of Appeals
For The
First District of Texas




NO. 01-04-00483-CV
____________

L.A. “AL” GREENE JR., Appellant

V.

DEUTSCHE BANK NATIONAL TRUST COMPANY, Appellee




On Appeal from the 165th District Court 
Harris County, Texas
Trial Court Cause No. 2003-04019 




MEMORANDUM OPINION
          Appellant, L.A. “Al” Greene, Jr. (“Greene”), appeals a summary judgment in
which the trial court rendered judgment (1) that he take nothing in his suit for
declaratory and other relief relative to the efforts of appellee, Deutsche Bank National
Trust Company (“Deutsche”), to exercise legal remedies contained in a real estate loan
agreement with Greene and (2) that on its counter-suit against Greene, Deutsche be
authorized to foreclose and receive declaratory relief. We affirm.
Factual and Procedural Background
          Greene received from Banker’s Trust Company of California (“Banker’s
Trust”), predecessor in interest to Deutsche, a cash-out Texas home equity loan
secured by his homestead (“the property”) as collateral. After a dispute arose over
Greene’s payment of the loan note, Banker’s Trust brought a suit to foreclose on its
security interest in the property.


 By an assignment of Greene’s loan, Deutsche
succeeded to Banker’s Trust’s interest in the loan. Greene brought a separate suit, the
one involved in this appeal, for declaratory relief, economic damages, and general
relief. In his suit, Greene asserted that Deutsche’s security interest was invalid
because the loan transaction violated home-equity-loan-law. Relative to his claim for
economic damages, Greene alleged that Deutsche had violated federal and state law
in notifying various credit-reporting companies that he had defaulted on the loan
although he was not personally liable for the debt.
          Deutsche answered Greene’s suit with a general denial and various affirmative
defenses. Deutsche also counter-sued for foreclosure of its security interest and for
declaratory relief.
          Later, Deutsche moved for summary judgment on Greene’s causes of action and
on its own cause of action for foreclosure and declaratory relief. Relative to Greene’s
causes of action, Deutsche attached documentary evidence, Exhibits A-1 through A-11,


 and the affidavit of Toni Klysz, Exhibit A, to show that there was no genuine
issue of material fact that the allegations that Greene had pleaded in support of his
causes of action were without merit. Klysz was the Foreclosure Manager for Chase
Manhattan Mortgage Corporation (“Chase”), the loan servicing agent for Deutsche. 
          Deutsche also attached documentary and affidavit evidence to support its
assertions in its motion for summary judgment that there were no genuine issues of
material fact that it was entitled to judicial foreclosure on the property and to
declaratory relief. The affidavit evidence included another affidavit, Exhibit B, from
Klysz, as the Chase custodian of records, testifying that the attached loan paperwork,
Exhibits B-1 through B-5,


 were Deutsche business records. Deutsche also included
the affidavit of Janie Luna, custodian of records of Brown and Shapiro, a law firm
handling foreclosure work for Deutsche through Chase. In her affidavit, Luna testified
that the attached paperwork, Exhibit C-1, notice to Greene of acceleration of the loan
note, was a business record. Additionally, the motion contained the affidavit of
Deutsche attorney, Warren Johnsey, testifying to the amount and reasonableness of
Deutsche’s attorney’s fees as of the date of the motion for summary judgment.
          Regarding Deutsche’s summary judgment motion on Greene’s causes of action,
Greene responded that Klysz’s affidavit, Exhibit A, did not establish her personal
knowledge of all the facts necessary to show that she was qualified to make the
opinions she asserted in the affidavit and that, in the affidavit, she relied on hearsay,
to which he objected. Further, Greene objected to Exhibits A-1 through A-11,
attached to Deutsche’s motion for summary judgment, as being hearsay, which was
not properly identified or authenticated, and which would not justify the granting of
a motion for summary judgment.
          Relative to the summary judgment motion for foreclosure and declaratory relief,
Greene objected to Klysz’s Exhibit B affidavit as not being based on personal
knowledge and as containing hearsay and opinions without identifying Klysz as an
expert when Greene had not been allowed enough time to seek additional discovery
concerning Klysz’s expert status and opinions. Greene objected to the documents
Exhibits B-1 through B-5 as hearsay and as not properly identified or authenticated.
          In his response, Greene also objected to the affidavits of Luna and Johnsey. 
Regarding Luna’s affidavit, Greene objected that, in response to discovery, Deutsche
did not identify her as a person having knowledge of facts. Concerning Johnsey’s
affidavit, Greene objected that, in its response to discovery, Deutsche did not
designate Johnsey as an expert.
          The trial court granted Deutsche’s motion for summary judgment on Greene’s
causes of action, ordering that Greene take nothing on his claims against Deutsche. 
The court also granted summary judgment on Deutsche’s counter-suit declaring (1)
that Greene had defaulted on the loan agreement in the amount of $330,304.21, plus
attorney’s fees, costs, and prejudgment interest; (2) declaring that Deutsche have a
judgment lien to the extent of the preceding debt; and (3) that the judgment lien be
satisfied through a non-judicial foreclosure sale of the property. The trial court
combined its two orders granting Deutsche’s two summary judgment motions into one
summary judgment document.
          Greene appeals the summary judgment.
 
Standard of Review
          A party moving for summary judgment must conclusively prove all the elements
of its cause of action or defense as a matter of law. Tex. R. Civ. P. 166(a) ; Holy
Cross Church of God in Christ v. Wolf, 44 S.W.3d 562, 566 (Tex. 2001); Rhone-Poulenc, Inc. v. Steel, 997 S.W.2d 217, 223 (Tex. 1999). A defendant is entitled to
summary judgment if it conclusively negates at least one element of the plaintiff’s
cause of action or conclusively establishes all of the elements of an affirmative
defense. Johnson County Sheriff’s Posse v. Endsley, 926 S.W.2d 284, 285 (Tex.
1996).
Finality of Judgment
          In issue one, Greene asserts that the summary judgment is not final because it
did not address his claim for attorney’s fees and because Deutsche’s motion for
summary judgment was an improper substitute for special exceptions.
          The trial court’s summary judgment provided that Greene “take nothing” against
Deutsche, and further provided that “[t]his Final Summary Judgment is, and is
intended to be, a final order, which disposes of any claims of any nature in this cause.” 
(Emphasis added.) When a trial court purports to rule on all claims in the plaintiff’s
petition, the summary judgment order is final. Ortega v. City Nat. Bank, 97 S.W.3d
765, 771 (Tex. App.—Corpus Christi 2003, no pet.). Greene’s argument that the
summary judgment is not final because it did not address Greene’s claim for attorney’s
fees is without merit.
          Greene did not present to the trial court the argument that Deutsche’s motion
for summary judgment was an improper substitute for special exceptions and thus has
waived the opportunity to present this argument to this Court. See Millhouse v.
Wiesenthal, 757 S.W.2d 103, 107 (Tex. App.—Houston [1st Dist.] 1988) (“This issue
was not expressly presented to the trial court by [appellant’s] written response, and
therefore cannot be considered on appeal as grounds for reversal.”), aff’d, 775 S.W.2d
626 (Tex. 1989)
          We overrule issue one.
Propriety of Summary Judgment on Greene’s Causes of Action
          In issue two, Greene asserts that the trial court erred in granting Deutsche’s
motion for summary judgment on his causes of action because the affidavit evidence
of Klysz was defective in that she was an employee of a company unrelated to the suit,
the affidavit did not contain the requisite information to qualify her as an expert,
Deutsche did not designate Klysz as an expert in response to Greene’s discovery and
disclosure requests, her affidavit was not a proper business-records affidavit, and there
was inconsistency in her affidavit concerning whether she had personal knowledge of
the facts stated in her affidavit.
          Klysz’s affidavit established her relationship to the suit, averring that she was
the Foreclosure Manager of Chase, the authorized servicing agent for Deutsche. 
Greene’s complaints about the affidavit’s being inadequate to establish Klysz as an
expert are of no consequence because, in the affidavit, Klysz did not offer an expert
opinion. Regarding Greene’s complaint about inconsistency in Klysz’s affidavit
concerning her personal knowledge, Klysz did aver that “I have personal knowledge
of all the facts . . . in this affidavit.” Greene complains that Klysz later stated,
“[B]ecause of my position . . . , which allows me to review the business records of
Chase, and its predecessor service, and the business records of Deutsche Bank . . .
Exhibits A-1 through A-11 attached hereto are business records of Chase . . . .” The
business-records exception to the hearsay rule does not require that the person making
the affidavit regarding the business records have personal knowledge of the facts
behind each and every business record, but, rather, that the records be made in the
regular course of business by an employee of the business having personal knowledge
of the transaction either to make such record or to transmit the information to someone
else who makes the record and that the entries be made at or near the time of the act
event or condition or reasonably soon thereafter. See Tex. R. Evid. 902(10)(b);
Trawick v. Trawick, 671 S.W.2d 105, 111 (Tex. App.—El Paso 1984, no writ); Villiers
v. Repub. Fin. Serv., 602 S.W.2d 566, 572 (Tex. Civ. App.—Texarkana 1980, writ
ref’d n.r.e.). Here, Klysz swore:
‘Exhibits ‘A-1 through A-11’ attached hereto are the business records of
Chase, the authorized servicing agent of Deutsche Bank. Said business
records are kept by Chase in the regular course of business, and it was the
regular course of business of Chase for an employee or representative of
Chase with knowledge of the act, event, or condition, or opinion recorded
to make the records or transmit information thereof to be included in
such records; and the records were made at or near the time or reasonably
soon thereafter . . . .

This testimony contained the information necessary to meet the requirements of Texas
Rule of Evidence 902(10)(b). We overrule Greene’s second issue.
Propriety of Granting Summary Judgment
on Deutsche’s Counter-Petition

          In issue three, Greene challenges the propriety of the trial court’s grant of
summary judgment on Deutsche’s counter-petition for judicial foreclosure and
declaratory relief. He does this by attacking the summary judgment affidavits of
Klysz, Luna, and Johnsey, as well as the documentary evidence supporting Deutsche’s
motion for summary judgment.
          Greene has failed to preserve this issue because he has not presented us with a
record showing that the trial court ruled on his objections. See Fletcher v. Edwards,
26 S.W.3d 66, 74 (Tex. App.—Waco 2000, pet. denied) (absence from record of trial
court ruling on Fletchers’ objection to late-disclosed document in support of summary
judgment motion cited as a reason why Fletchers had not preserved for appellate
review complaint of document’s consideration in grant of summary judgment).
          We overrule issue three.
Deutsche’s Authority to Maintain an Action in Texas
          In the “Issues Presented” section of his brief, Greene states a fourth issue: “Can
Deutsche maintain an action in Texas when it is not authorized to do business in Texas
and does not have a certificate of Authority from the Texas Secretary of State?” In the
body of the brief, Greene makes no mention of this issue, and, accordingly, it is
waived. See Ryan v. Abdel-Salam, 39 S.W.3d 332, 336 (Tex. App.—Houston [1st
Dist.] 2001, pet. denied) (holding Ryan’s failure to include any citation of authority
or discussion of relevant facts waived consideration of appellate points).
Motion for Continuance
          In the next-to-last paragraph of his brief, Greene asserts that he sought a
continuance and that the trial court erred in not granting it. Greene cites no legal
authority or relevant facts to support this contention. Accordingly, Greene has waived
consideration of this argument. See Tesoro Petroleum v. Nabors Drilling, USA, Inc.,
106 S.W.3d 118, 128 (Tex. App.—Houston [1st Dist.] 2002, pet. denied) (holding that
uttering brief conclusory statements unsupported by legal citations in brief waives
complaint); Ryan, 39 S.W.3d at 336.
Pleadings and Summary Judgment Proof
to Support Summary Judgment
          In his supplemental brief, Greene first raises the issue: “Were there pleadings
and summary judgment proof to support the granting of the Motions for Summary
Judgment?”
          In presubmission pleadings filed with this Court, Greene has referred to
unsuccessful attempts to have the district clerk file a supplemental clerk’s record
containing Deutsche’s counter-petition for foreclosure and declaratory relief. This
supplemental issue carries forward Greene’s complaint about the absence of
Deutsche’s counter-petition in the clerk’s record. However, Greene has not shown
how the omission of this document from the clerk’s record has harmed his ability to 
prosecute this appeal. Because Greene has not demonstrated how the omission of this
document has prejudiced his ability to challenge the trial court’s judgment, we hold
that this part of the issue is without merit. See Born v. Virginia City Dance Hall &
Saloon, 857 S.W.2d 951, 954 (Tex. App.—Houston [14th Dist.] 1993, writ denied)
(overruling point of error complaining about insufficient appellate record when Born
had failed to specify how alleged errors and omissions in record were harmful).
          The second part of this issue, asking whether there was summary judgment
proof to support the granting of the motions for summary judgment, is a repetition of
arguments that Greene previously made under issues two and three, which we have
already overruled. 
          We overrule Greene’s supplemental issue.
 
Deutsche’s Motion to Dismiss Appeal
          In light of our foregoing disposition of Greene’s issues, we dismiss Deutsche’s
motion to dismiss the appeal as moot.
Conclusion
          We affirm the judgment of the trial court.
 
 Tim Taft
    Justice


Panel consists of Justices Taft, Keyes, and Hanks.