**Opinion issued August 8, 2017**



In The

# Court of Appeals

For The

# First District of Texas

—————————————

## NO. 01-16-00114-CV

—————————————

**ROBERT HOLMES, Appellant**

**V.**

**CRAIG CASSEL, Appellee**

---

**On Appeal from the County Civil Court at Law No. 4**
**Harris County, Texas**
**Trial Court Case No. 938067-003**

---

## MEMORANDUM OPINION

Appellant Robert Holmes appeals from the trial court's grant of summary judgment in favor of appellee Craig Cassel. This suit began as a condemnation suit against Holmes, Cassel, and others regarding a tract of land in Houston. Proceeds from the condemnation sale were deposited into the registry of the court. Holmes

and Cassel filed cross-claims against each other, with each arguing that he was entitled to the proceeds. Cassel moved for summary judgment on Holmes's cross-claim. The court granted Cassel's motion and awarded him the condemnation proceeds and attorney's fees.

Holmes raises two issues on appeal. First, he challenges the trial court's award of attorney's fees. Second, he contends that the trial court erred by granting summary judgment because unresolved fact issues remained about his claims of waiver and estoppel.

Because the trial court did not err by awarding Cassel attorney's fees, and Holmes failed to adequately brief his challenge to the summary judgment, we affirm the judgment of the trial court.

**Background**

In 1995, taxing authorities initiated tax-deficiency proceedings involving property located at 5405 Griggs Road in Houston. At the time that the 1995 tax suit was filed, appellant Robert Holmes allegedly owned an undivided one-half interest in the property, based on a deed recorded in 1983. Holmes was not named in the tax suit, nor was he served with citation. In 1996, the trial court issued a final judgment in the tax suit, in favor of the taxing authorities. Holmes was not named in the judgment. In 2003, an order of sale was issued on the property. Craig Cassel purchased the property at the tax sale, and he took possession of it.

2

The Metropolitan Transit Authority of Harris County ("Metro") filed suit in Harris County Civil Court at Law No. 4 to condemn a portion of the property, and it named Holmes and Cassel as possible owners. Metro then deposited the condemnation proceeds into the court's registry. Cassel and Holmes both claimed to own the proceeds.

Holmes filed a cross-claim against Cassel in the condemnation case seeking to quiet title to the property and to obtain a declaration that he had a one-half ownership interest in the property. Based on this claim, Holmes sought an award of one-half of the condemnation proceeds and attorney's fees.

Cassel answered Holmes's cross-claim with a general denial. He asserted as affirmative defenses a statute of limitations under the Tax Code and Holmes's failure to comply with statutory prerequisites to filing suit. Cassel also cross-claimed, seeking contribution for money spent for the benefit of the common estate to the extent that Holmes owned a one-half interest in the property. Cassel requested an award of attorney's fees arising out of his defense against Holmes's declaratory-judgment cross-claim.

Cassel and Holmes both filed motions for partial summary judgment on Cassel's limitations defense. In his response to Cassel's motion, Holmes argued that Cassel was estopped from asserting the limitations defense and that he had waived his right to contest Holmes's ownership of the property. Holmes alleged

3

that Cassel requested that he pay half of the taxes on the property, and he did so. Holmes contended that his payment of the taxes estopped Cassel from asserting his limitations defense. He also argued that Cassel's acts in directing him to pay half of the taxes were intentional conduct inconsistent with Cassel's interest in the disputed property. Thus, Holmes argued that Cassel waived the right to challenge his interest in the property. There is no indication in the record that the court ruled on these motions.

While the condemnation case was pending, Holmes filed a separate suit in the 80th District Court of Harris County against Cassel and the taxing authorities who had initiated the tax deficiency proceedings on the property in 1995. In that suit, Holmes argued that because he was not named in the tax suit or the judgment, the judgment was void as to his one-half interest in the property, and he sought a declaration to that effect. Cassel answered with a general denial and asserted the same affirmative defenses as in the condemnation case. He also added the affirmative defense of adverse possession. Cassel moved for summary judgment on all three of his affirmative defenses, and the district court granted the motion. The district court found that Holmes's claims were barred and declared that all title and interest in the property vested in Cassel.

After the district court rendered judgment, Cassel filed his fourth amended answer to Holmes's cross-claim in the condemnation case, adding the affirmative

defenses of res judicata and collateral estoppel based on the district court's judgment. Cassel then moved for summary judgment on these affirmative defenses. Meanwhile, Holmes appealed the district court's judgment. The Fourteenth Court of Appeals affirmed, the Supreme Court of Texas denied his petition for review, and the United States Supreme Court denied his petition for writ of certiorari. *Holmes v. Cassel*, No. 14-12-00964-CV, 2013 WL 5497871 (Tex. App.—Houston [14th Dist.] Aug. 15, 2013, pet. denied) (mem. op.), *cert. denied*, 135 S. Ct. 1900 (2015).

After Holmes exhausted his appeals, Cassel reurged his motion for summary judgment in the condemnation case, based on his affirmative defenses of res judicata and collateral estoppel. He sought attorney's fees and attached supporting evidence. Cassel also amended his cross-claim against Holmes. He sought a declaratory judgment declaring that Holmes's cross-claim was barred by res judicata and collateral estoppel. Cassel also sought attorney's fees under the Declaratory Judgment Act. Holmes amended his claim to allege that his payment of taxes on the property unjustly enriched Cassel. In a response to the claim for unjust enrichment, Cassel admitted that Holmes should not have paid the taxes and argued that the court should reduce Cassel's recovery of attorney's fees by the amount of taxes paid.

5

The trial court granted Cassel's motion for summary judgment. The judgment stated:

> The Court finds there is no genuine issue of material fact as to [Cassel's] affirmative defenses of collateral estoppel and res judicata to the cross-claims of Robert Holmes and Craig Cassel is entitled to summary judgment thereon as a matter of law.

The judgment awarded Cassel the remaining condemnation proceeds in the registry of the court in the amount of $58,652.83. After offsetting the amount of attorney's fees by the amount of taxes Holmes paid, the judgment awarded Cassel $45,911.49 in attorney's fees.

Holmes filed a motion for new trial. In this motion he challenged the award of attorney's fees and argued that fact issues remained about his claims of waiver and estoppel. The trial court denied this motion.

Holmes appealed.

## Analysis

Holmes raises two issues on appeal. First, he challenges the trial court's award of attorney's fees to Cassel. Second, he contends that the trial court erred by granting summary judgment in favor of Cassel because issues of fact remained regarding his claims of waiver and estoppel.

## I.    Attorney's fees

In his first issue, Holmes contends that the trial court erred by awarding attorney's fees because (a) Cassel did not assert a claim for affirmative relief with

6

his cross-claim under the declaratory judgment act, (b) he did not segregate his fees, (c) the trial court made no judgment as to title or limitations, (d) the award of attorney's fees is neither just nor equitable, and (e) a recovery of attorney's fees pursuant to a limitations claim is not allowed.

### a. Cassel's lack of a claim for affirmative relief

Holmes initially argues that the trial court erred by awarding attorney's fees because Cassel's cross-claim seeking a declaratory judgment did not raise a claim for affirmative relief.

In "any proceeding" under the Uniform Declaratory Judgment Act, "the court may award costs and reasonable and necessary attorney's fees as are equitable and just." TEX. CIV. PRAC. & REM. CODE § 37.009. The Act "entrusts attorney fee awards to the trial court's sound discretion, subject to the requirements that any fees awarded be reasonable and necessary, which are matters of fact, and to the additional requirements that fees be equitable and just, which are matters of law." *Feldman v. KPMG LLP*, 438 S.W.3d 678, 685 (Tex. App.—Houston [1st Dist.] 2014, no pet.). "Unreasonable fees cannot be awarded, even if the court believed them just, but the court may conclude that it is not equitable or just to award even reasonable and necessary fees." *Id.*

The award of attorney's fees is not dependent on a finding that the party "substantially prevailed." *Barshop v. Medina Cty. Underground Water*

7

*Conservation Dist.*, 925 S.W.2d 618, 637 (Tex. 1996). Instead, a trial court may exercise its discretion to award attorney's fees to the prevailing party, the nonprevailing party, or neither. *See id.*; *Feldman*, 438 S.W.3d at 685. Thus, a trial court's decision concerning the grant or denial of attorney's fees will not be reversed on appeal absent a showing of an abuse of discretion. *Ryan v. Abdel–Salam*, 39 S.W.3d 332, 337 (Tex. App.—Houston [1st Dist.] 2001, pet. denied). "It is an abuse of discretion for a trial court to rule arbitrarily, unreasonably, or without regard to guiding legal principles." *See Bocquet v. Herring*, 972 S.W.2d 19, 21 (Tex. 1998). We will uphold a trial court's judgment if it can be sustained on any legal theory supported by the evidence. *See Zenner v. Lone Star Striping & Paving*, *L.L.C.*, 371 S.W.3d 311, 314–15 (Tex. App.—Houston [1st Dist.] 2012, pet. denied).

Holmes relies upon *BHP Petroleum Co. v. Millard*, 800 S.W.2d 838 (Tex. 1990), which held that the "declaratory judgments act is 'not available to settle disputes already pending before a court.'" 800 S.W.2d at 841 (quoting *Heritage Life v. Heritage Grp. Holding*, 751 S.W.2d 229, 235 (Tex. App.—Dallas 1988, writ denied)). As such, a party cannot assert a counterclaim for declaratory relief and attorney's fees based on mere denials of the opposing party's cause of action. *Id.* at 841–42. Holmes essentially contends that Cassel's cross-claim for

declaratory relief based on the affirmative defense of res judicata is the same as a counter-claim that merely denies the opponent's cause of action.

Even to the extent Holmes has correctly characterized Cassel's cross-claim, the fact remains that he himself sought a declaratory judgment. In his cross-claim against Cassel, Holmes sought a declaration that he owned a one-half interest in the property. When a claimant, like Holmes, has invoked the declaratory judgment statute, either party may plead for and obtain attorney's fees. *See Knighton v. Int'l Bus. Machines Corp.*, 856 S.W.2d 206, 210 (Tex. App.—Houston [1st Dist.] 1993, writ denied). The availability of attorney's fees is not limited to the plaintiff or the party affirmatively seeking declaratory relief. *Hartford Casualty Ins. Co. v. Budget Rent-a-Car*, 796 S.W.2d 763, 771 (Tex. App.—Dallas 1990, writ denied).

Because Holmes sought declaratory relief and Cassel pleaded for attorney's fees, the trial court had discretion to award the fees. *See Feldman*, 438 S.W.3d at 685–86; *Knighton*, 856 S.W.2d at 210.

### b.    Segregation of fees

Holmes argues that Cassel was obligated to segregate his attorney's fees attributable to other causes of action. "A party may recover attorney's fees only if provided for by statute or by contract." *Gulf States Utils. Co. v. Low*, 79 S.W.3d 561, 567 (Tex. 2002). Parties seeking attorney's fees under Texas law "have always been required to segregate fees between claims for which they are

9

recoverable and claims for which they are not." *See Tony Gullo Motors I, L.P. v. Chapa*, 212 S.W.3d 299, 311 (Tex. 2006).

The only claims pending before the court were the opposing cross-claims for declaratory relief, and Metro's condemnation claims against each of them. Cassel's motion for summary judgment was supported by evidence of the fees that he sought to recover. In their affidavits, Cassel's attorneys averred that the fees resulted from litigating the mutual cross-claims between Cassel and Holmes. The fees request excluded any time spent litigating the condemnation action against Metro. Further, the fees requested only included time spent on the dispute with Holmes in the condemnation case and did not include time spent litigating in the district court.

Because the trial court may award attorney's fees to either the prevailing or nonprevailing party under the declaratory judgment act, the court could award Cassel attorney's fees for defending against Holmes's declaratory-judgment action. *See* TEX. CIV. PRAC. & REM. CODE § 37.009; *Feldman*, 438 S.W.3d at 687–88. Thus, because Cassel's attorneys segregated the fees they sought for their work on the cross-claims between Holmes and Cassel from the defense against Metro's claims, they properly segregated their fees. *See Feldman*, 438 S.W.3d at 687–88.

10

### c. No judgment as to title or limitations

Holmes argues that Cassel was not entitled to attorney's fees because the trial court did not make a declaration quieting title or about the applicability of limitations when it granted summary judgment based on res judicata. Despite the fact that the trial court did not clearly rule on the merits of either party's declaratory judgment, the declaratory judgment statute does not require a judgment on the merits of the dispute as a prerequisite to a fee award. *See Feldman*, 438 S.W.3d at 685; *Castro v. McNabb*, 319 S.W.3d 721, 736 (Tex. App.—El Paso 2009, no pet.). Thus, the court's lack of a declaration of title or limitations did not preclude Cassel from recovering attorney's fees.

### d. Equitable and just fees

Holmes argues that the attorney's fees awarded to Cassel were not equitable or just because he did not initiate the condemnation proceedings, but was added to the suit as a defendant by Metro.

Attorney's fees under the declaratory judgment act must be equitable and just. *See Feldman*, 438 S.W.3d at 685. Whether attorney's fees are equitable and just is a question of law for the court. *See id.*

Cassel's motion for summary judgment was supported by evidence which identified the basis for the fee request. The court found these fees to be reasonable and necessary. Holmes argues that he was simply named in this lawsuit as a

11

defendant and it would be unjust to force him to pay these fees. But if Holmes did not want to participate in the litigation, he could have defaulted or disclaimed any interest in the condemnation proceeds. Instead, he actively sought an award of the condemnation proceeds. Accordingly, he now cannot claim that he was forced into litigating. Furthermore, Cassel prevailed in defending against Holmes's affirmative claim for declaratory judgment.

Because Cassel prevailed, and Holmes did not have to actively engage in the suit by seeking an award of the condemnation proceeds, we conclude that the trial court did not abuse its discretion by implicitly determining that the award of attorney's fees was equitable and just. *See Bocquet*, 972 S.W.2d at 21; *Feldman*, 438 S.W.3d at 686.

It was within the trial court's discretion to award attorney's fees to Cassel based on successfully defending against Holmes's claim for declaratory judgment. The fees were properly segregated. The court did not have to rule on the merits of Holmes's cross-claim. The fees were equitable and just. We thus conclude that the trial court did not abuse its discretion in awarding attorney's fees to Cassel. *See Feldman*, 438 S.W.3d at 685; *Knighton*, 856 S.W.2d at 210–11.

### e.    Attorney's fees based on limitations

Finally, Holmes contends that the Cassel could not recover attorney's fees pursuant to a limitations defense. We need not address this issue, however, because

12

we have found that the trial court had discretion to award Cassel attorney's fees pursuant to the declaratory judgment act. *See* TEX. R. APP. P. 47.1. We overrule Holmes's first issue.

## II.  Summary judgment

In his second issue, Holmes contends that the trial court erred by granting summary judgment in Cassel's favor. Holmes argues that fact issues remain regarding his claims of waiver and estoppel, and he suggests that the trial court's judgment supports his claim that Cassel is estopped from contesting Holmes's ownership interest in the property. Holmes presents no legal argument, citations to the record, or legal authorities in support of this argument.

An appellant's brief must contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record. TEX. R. APP. P. 38.1(i). This requirement is not satisfied by conclusory statements. *See Anderson v. Houston Cmty. Coll. Sys.*, 458 S.W.3d 633, 650 (Tex. App.—Houston [1st Dist.] 2015, no pet.). A failure to provide substantive analysis of an issue or citations to appropriate authority waives the complaint. *See Cervantes–Peterson v. Tex. Dep't of Fam. & Protective Servs.*, 221 S.W.3d 244, 255 (Tex. App.—Houston [1st Dist.] 2006, no pet.).

Holmes states in his brief that he properly pleaded his claims of waiver and estoppel, yet he provides no citation to the record indicating where this pleading is

located. Holmes did raise a waiver or estoppel argument in a response to a partial motion for summary judgment filed by Cassel on his affirmative defense of limitations and in his motion for new trial. There is no indication in the record that the trial court ruled on Cassel's motion for partial summary judgment or that Holmes raised these arguments again until his motion for new trial.

On appeal, Holmes argues that Cassel is estopped from contesting his ownership interest in the property because he paid taxes on the property at Cassel's direction. The record indicates that Holmes paid some of the taxes on the property, and he claimed that Cassel had been enriched unjustly once it was declared that he had no interest in the property. As a result of Holmes's claim for unjust enrichment, the trial court granted him an offset reducing the amount of Cassel's attorney's fee award by the amount of the taxes he paid. Holmes does not provide any legal authority that support his argument that Cassel would be estopped from contesting his ownership interest based on these actions. In addition, Holmes does not explain or provide any argument regarding his alleged claim of waiver.

Because Holmes failed to provide substantive legal analysis and citations to authority to support his contentions, we hold that he waived this issue due to inadequate briefing. *See* TEX. R. APP. P. 38.1(i); *Fredonia State Bank v. Gen. Am. Life Ins. Co.*, 881 S.W.2d 279, 284 (Tex. 1994) (appellate court may deem issues waived due to inadequate briefing). We overrule this issue.

14

## Conclusion

We affirm the trial court's judgment.

Michael Massengale
Justice

Panel consists of Justices Jennings, Higley, and Massengale.

15